GEORGE SELIGE v. LUCILE T. SELIGE

190 So. 251
Division A
Opinion Filed June 30, 1939

*Carl T. Hoffman, L. L. Robinson, R. O. Cullen* and *W. H. Burwell,* for Appellant;

*Dunbar H. Johnson, Jr.,* for Appellee.

PER CURIAM.—The record here shows an opinion was adopted by this Court on October 25, 1938, affirming, with directions to modify, a final decree entered by the Circuit Court of Dade County, Florida. On December 8, 1938, petitions for rehearing filed by the respective parties to the cause were denied. This Court entered an order requiring appellant to pay the sum of $150.00, in part, as a fee to appellee's solicitor for representing her in this Court, and on the 22nd day of March, 1939, entered a further order requiring the payment of an additional sum of $350.00 as counsel fees for appellee in representing appellee in this Court, but the latter order was vacated.

On April 6, 1939, a motion was filed here by appellant seeking an order vacating and staying the order, *supra,* granting additional counsel fees. On April 20, 1939, an amendment to the motion filed April 6, 1939, was made and appropriate pleadings thereto were filed on the part of counsel for appellee.

During the month of January, 1939, appellant here filed in the lower court a petition for a modification of the final decree entered by the Circuit Court of Dade County,

Florida, on the 9th day of October, 1936, and affirmed by this Court, with directions to modify, under date of October 25, 1938, because of changed financial conditions and other circumstances warranting relief as authorized by Chapter 16780, Laws of Florida, Acts of 1935.

On March 8, 1939, evidence was heard by the Honorable ·H. F. Atkinson on said petition seeking an order of modification, when the parties and their attorneys appeared. The appellant and appellee were each examined and exhibits offered during the progress of the hearing. Counsel for appellee contended that he was deprived of the opportunity of examining the books of the appellant and from placing additional evidence before the Court.

On March 21, 1939, the Honorable H. F. Atkinson entered an order holding that George A. Selige was in default because he failed to comply with the previous order of the court relating to the payment of alimony, costs and solicitor's fees, and for this reason had no right or standing in the lower court to present a petition and evidence seeking a modification of a final decree for payment of alimony, court costs and counsel fees previously decreed to be paid, and dismissed the said petition. An appeal was taken therefrom and a review thereof sought in this Court. The same, upon reaching this Court, by a special order was consolidated with the other case pending between the parties.

We have two questions presented by this record for a decision, viz.: (a) The amount of a reasonable fee to be allowed by this Court to the appellee or her solicitor for professional services in connection with the representation of this cause before this Court; (b) Did the lower court err in its order dated March 21, 1939?

The record here shows that the appellant has an annual income of $7800.00 and the lower court permitted or allowed the sum of $500.00 as a reasonable fee for counsel

for appellee in the lower court. The appellee, being without money or income, was deserted by the appellant. The partial allowance of the sum of $150.00 as ordered by this Court has been paid, and a number of affidavits made by outstanding attorneys of the Miami bar have been filed here on behalf of the respective parties ranging from $150.00 to $750.00. We think the sum of $400.00 is a reasonable sum to be allowed counsel for appellee in this Court. One hundred fifty dollars having been previously paid, the sum now due by appellant to appellee or her counsel for attorney's fees is the sum of $250.00.

We have read and carefully studied the record based on the order of dismissal entered by the lower court on March 21, 1939. The lower court correctly held that the appellant here was without a standing in court wherein a modification of the original decree could be obtained because of changed financial conditions until he had fully complied with the terms thereof by payment of the sums of money decreed to be paid. The order of dismissal appealed from is hereby affirmed, without prejudice on the part of the appellant to file in the lower court a petititon under Chapter 16780, Laws of Florida, Acts of 1935, for a modification of the said final decree, only when and after the appellant has fully complied with by payment of those sums decree to be paid under date of October 6, 1936, as well as attorney's fees decreed to be paid by this Court. All costs of the two appeals to this Court shall be paid by appellant.

It is so ordered.

TERRELL, C. J., WHITFIELD, BUFORD, and CHAPMAN, J. J., concur.

BROWN, J., concurs in conclusion.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.