**WILLIAM WALTER BLANTON v. ONEIDA LANGLEY BLANTON**

18 So. (2nd) 902                                    June Term, 1944
July 25, 1944                                       Division B

*George P. Garrett,* for appellant.
*Clark W. Jennings,* for appellee.

BROWN, J.:

This appeal was taken from an order and judgment made upon an application for modification of the provisions of a settlement agreement and a final decree of divorce approving and confirming the terms and conditions of such settlement agreement, which was attached to the wife's bill of complaint and specifically referred to therein. Pursuant to one of the provisions of such agreement, the court, in the divorce decree, rendered June 10, 1942, ordered the defendant husband to pay for a certain period to the plaintiff wife $15.00 per week, or about $67.00 per month for the support of their minor child, and also ordered the defendant to comply with each of the terms and conditions of the settlement agreement. It appears that defendant, appellant here, was then making $225.00 per month. Under said settlement agreement, the defendant was to convey the home to plaintiff subject to certain liens thereon and to pay all installments due or to become due on certain household furnishings and electrical equipment.

On July 26, 1943, the defendant, who had remarried shortly after the divorce, filed an application for modification of the terms of the settlement agreement and final decree, in which he admitted that after a few months he was not able to keep up the full amount of the payments required, and that on December 15, 1942, applicant was inducted into the armed forces of the United States and was, when this application was filed, a corporal and located at Camp Perry, Ohio, and earning $66.00 per month. On June 1, 1943, he was made a "buck" sergeant at $78.00 per month, and shortly there-

after, on July 21, 1943, he became a staff sergeant with "base" compensation of $96.00 per month, and was receiving this compensation at the time the application came on to be heard before the Court. The application states that under the allotment provisions of the Acts of Congress, his ex-wife is not entitled to any contribution from his soldier's pay; that his minor child is a Class A dependent and entitled to a contribution of $12.00 per month, and that applicant's present wife received $22.00 per month from his pay and is entitled to an allotment by the government of $28.00 per month—a total of $50.00 per month. That applicant is unable to pay to his former wife, or to the child, any sum of money monthly, or otherwise, and is no longer able to abide by the terms of the settlement agreement and final decree, and prays that same be modified by decreasing the amounts payable thereunder to $12.00 *per month* for the support of his child, which would conform to the government allowance for said purpose, or to his present financial ability to pay.

The plaintiff wife filed an answer to this application, and a counter application asking the Court to render judgment for the past due and accrued installments due her under the final decree for the support of the child and for certain other items.

While she admitted that her former husband had conveyed the home to her, she was unable to keep up the payments on same and had to sell it, subject to liens, for $1000.00 payable $200.00 per year for five years. She also claimed that her husband had not kept up the payment of the installments falling due on certain household and electrical equipment, as he had agreed to do.

Testimony was taken, including the deposition of the defendant husband. It also appears that on October 26, 1943, the Government increased its allotment, so that the child was receiving $30.00 per month when the court rendered its order.

On December 7, 1943, the court rendered the order and judgment here appealed from. The court found that plaintiff, appellee here, was entitled to recover for all unpaid payments of $15.00 per week for the support of the child

from November 28, 1942, and interest thereon at 6 per cent, and the sum of $83.40 paid by her under a contract which the final decree obligated the defendant to pay, accordingly rendered judgment for plaintiff for the principal sum of $863.40 and interest in the sum of $25.90, and the costs of the proceeding. The Court also decreed that the provision of the final decree requiring defendant to pay plaintiff $15.00 per week for the support of the child be modified to require such payments to be made thereafter at the rate of $12.00 per week until the further order of the Court; this reduction being made because defendant was in the military service and his earning power reduced.

Appellant contends that the chancellor erred in reducing the weekly payments for the support of the child only $3.00 per week, i.e. from $15.00 to $12.00 per week, in view of the fact that the government now allots $30.00 per month for the child's support and appellant is only receiving a salary as staff sergeant of $96.00 per month, which is his only source of income, from which the government deducts $27.00 per month for insurance and laundry, and for his Class A dependent, being his second wife, the deduction for her being $22.00 per month. It is admitted that appellant's remarriage did not lessen his obligation under the final decree to keep up the stipulated payments for the support of his child by his first wife, but it is contended that the $30.00 per month government allotment to his child should be deducted from or allowed as a credit on the amount which the court by its decree required him to pay for the child's support, which at the time of the hearing was $15.00 per week or about $67.00 per month. There appears to be some merit to this contention, if indeed the appellant was in a position to make it.

The appellee, in her bill for divorce, which was based on mental cruelty, did not pray for alimony and none was allowed. For a considerable period before appellant's induction into the Army and while he was still making $50.00 per week, he was slow in making the payments of $15.00 per week and he fell down on his payments on the contract installments on the house furnishings, and was partly in

default on his $15.00 per week for the child. It was only after threats of contempt proceedings that he made the last few payments. These contract liens amounted to about $365.00 when the decree was signed. It soon became necessary for appellee to work for a living, and when she obtained employment she had to pay a maid about $50.00 per month to take care of the young child. After she was compelled to sell the home, subject to the mortgage, she also had to rent quarters to live in, which cost more on account of the child.

While the chancellor might have made some further reduction, yet when all the evidence is considered, including the defaults of appellant, we cannot say that the action taken by the chancellor was unreasonable or clearly erroneous. He retained jurisdiction, and can make any further modification of the order as to future payments that changed circumstances may require, on proper application made.

The appellee was entitled to a judgment for the total amount of the past due and unpaid installments, which under the decree the appellant should have paid to her, even though the court (the defendant being beyond the jurisdiction and in the armed forces) was presently powerless to enforce the same. The right to judgment for these past due amounts had become vested when this judgment was rendered. Van Leon v. Van Leon, 132 Fla. 535, 182 So. 205; 27 C.J.S. 1089; Pottinger v. Pottinger, 133 Fla. 442, 182 So. 762; Andruss v. Andruss, 144 Fla. 641, 198 So. 213.

The contention of appellant that the reduction allowed by the Court on future installments for child support should have been made retroactive and given effect as of the date his application for modification was filed is not tenable. Whether the chancellor, in the exercise of judicial discretion, could rightfully have made such order retro-active is extremely doubtful under the rule laid down in the cases just cited, but the question of whether or not such action, if taken, would have constituted reversible error, on the facts of this case, is not before us.

Furthermore, the appellant was badly in default on the payments required by the final decree of divorce when he filed his application for modification of its terms, a large

proportion of which default was not satisfactorily explained away by the evidence introduced. In Selige v. Selige, 138 Fla. 783, 190 So. 251, it was held that a divorced husband was not entitled to apply to the court to modify a final decree for the payment of alimony, court costs and counsel fees until he had complied with the decree by payment of the sums decreed to be paid. But in that case it was shown that the husband clearly had the ability to pay, and the holding therein must be construed in the light of that fact. In 19 C.J. 324, it is said that, based on the doctrine of "clean hands," a decree for the payment of alimony will not be vacated unless the petitioner has paid up all alimony due under such decree, or by his petition shows his inability to do so. See also Palm Shores v. Nobles, 149 Fla. 103, 5 So. 52. In the case at bar, it was a question for the chancellor to determine whether, on the peculiar facts presented, he should entertain the application for modification, and we would not be justified to hold that any error was committed in doing so; but the large amount of applicant's arrearages, not completely explained, may have been considered by the Court in limiting the amount of the reduction to be allowed in future installments for the support of the infant child to only $3.00 per week less than the amount provided for in the final decree. In spite of our view that every possible consideration in matters of this kind should be shown to our men in the armed forces of our country which law and justice will permit, and the spirit and purpose of Section 65.15 F.S. 1941 fully complied with, our conclusion, in the light of the record as a whole, is that the judgment and decretal order appealed from is not clearly shown to be erroneous, and should be affirmed, especially in view of the large discretion vested in the chancellor in matters of this kind, and further in view of the fact that the modification order as made is expressly made effective subject to the future orders of the Court.

Affirmed.

BUFORD, C. J., THOMAS and SEBRING, JJ., concur.