SHANNON, Judge.
This is an interlocutory appeal taken by the plaintiff-appellant from an order of the chancellor denying portions of her motion to strike certain sections of the defendant’s answer as well as her motion to strike defendant’s counterclaim.
*681 By her complaint the plaintiff alleged that under date of September 23, 1944, she secured against the defendant in the State of Kentucky a divorce and that there was incorporated in the decree a provision “that as alimony for plaintiff and for the support and maintenance of plaintiff and her aforesaid children the defendant, L. E. McDowell, pay to the plaintiff, Josie Lee McDowell the sum of Seventy-five Dollars ($75.00) per month, * * * and continuing on the first day of each and every month thereafter until the further order of this court.” Thereafter on June 23, 1945, the same court reduced the amount of support money to $70 per month. Then on October 17, 1953, another decree was entered by the same court in this instance increasing the monthly support payments by defendant from $70 per month to $100 per month, to begin on October 1, 1953. On March 31, 1956, the court in Kentucky entered a judgment in plaintiff’s favor and against the defendant in the sum of $932 for arrearages. The plaintiff also alleged in the instant case as of the time of the institution of this suit there was due from the defendant the sum of $2,730.25. She prayed that the divorce decree of September 3, 1944, in Kentucky, as modified by the subsequent orders and decrees, be established as a Florida decree and that the defendant be required to pay all arrearages due thereunder. The defendant in paragraph six of his amended answer set up as a defense various allegations to the effect that the minor children were self-supporting and that the plaintiff was not entitled to the arrearage. In addition to his amended answer he also filed a counterclaim for modification of the decree to eliminate all future payments in which he alleged in the first paragraph that he “reavers all of the allegations contained in the foregoing answer” and in the third paragraph alleged that the children are self-supporting and that there is no necessity for him to continue to pay support.
The plaintiff has raised two points on her appeal, namely, (1) in a suit to enforce the child support provisions of a foreign decree of divorce, may the ex-husband, upon a claim of changed circumstances but without averment of any power in the rendering state to modify the decree as to accrued installments, avoid payment of the sums which have matured and become vested, and (2) may the ex-husband obtain relief as to future payments without paying or offering to pay the arrears.
The law is well settled in Florida that child support provisions of foreign divorce decrees are entitled to full faith and credit in Florida to the extent that payments thereunder are accrued unless the law of the state where the decree is rendered is such that said decree may be modified as to accrued installments. Wolk v. Leak, Fla.1954, 70 So.2d 498. Neither the answer nor the counterclaim in the present case attempts to show that the laws of the State of Kentucky provide that the decree may be modified as to accrued installments. As a matter of fact, Kentucky holds in Bailey v. Bailey, Ky.1956, 294 S.W.2d 942, 943:
“ * * * Although it is subject to modification at a later date, it is binding and final until modified. Installments of alimony and maintenance become vested when they become due and the court has no power to modify the decree as to them. Whitby v. Whitby, 306 Ky. 355, 208 S.W.2d 68.”
We have here a clear-cut question as to whether a plaintiff’s suit for arrear-ages may be defeated by a defense and counterclaim alleging the equities that we have set forth above. That this may not be done is very clearly set forth in Sackler v. Sadder, Fla. 1950, 47 So.2d 292, 18 A.L.R. 2d 856, which deals with the decisions on this subject and after studying the Florida decisions we hold that as to past due payments the plaintiff’s motion to strike the sixth paragraph of the amended answer should have been granted.
*682 In her second point as to whether or not .the defendant may, by his counterclaim, obtain relief as to future payments without paying or offering to pay the arrears, we have a more difficult point to decide. In Selige v. Selige, 1939, 138 Fla. 783, 190 So. 251, 252, where this issue was before our Supreme Court, it was stated:
“We have read and carefully studied the record based on the order of dismissal entered by the lower court on March 21, 1939. The lower court correctly held that the appellant here was without a standing in court wherein a modification of the original decree «could be obtained because of changed 'financial conditions until he had fully complied with the terms thereof by payment of the sums of money decreed to be paid. The order of dismissal appealed from is hereby affirmed, without prejudice on the part of the appellant to file in the lower court a petition tinder Chapter 16780, Laws of Florida, Acts of 1935 [F.S.A. § 65.15], for a modification of the said final decree, only when and after the appellant has fully complied with by payment of those sums decreed to be paid under ■date of October 6, 1936, as well as attorneys’ fees decreed to be paid by this Court. * *
The principle of the Selige case was qualified in Blanton v. Blanton, 1944, 154 Fla. 750, 755, 18 So.2d 902, by the holding that existing arrearages would not preclude a suit for modification of a final decree where the petitioner shows under proper circumstances an inability to pay the arrearages. From the principles enunciated in these two cases, where existing arrearages are still outstanding no counterclaim for modification of the final decree under changed financial circumstances will be permitted unless the arrearages are paid or the petitioner shows his inability to pay them. Defendant has nowhere alleged nor shown his inability to pay the arrearages. It follows that the counterclaim herein, based upon the changed financial need of the children, should not have been permitted. Hence, the plaintiff’s motion to strike the first and third paragraphs of the defendant’s counterclaim should have been sustained.
Reversed.
KANNER, C. J., and ALLEN, J., concur.