FARRINGTON, OTIS, Associate Judge.
Appellant, Margaret B. Mack, who was plaintiff below, seeks reversal of (1) a decree entered by the Chancellor after final decree of divorce reducing alimony payments to appellant, and (2) an order denying appellant’s motion to require appellee *449 to furnish appellant with photostatic copies of appellee’s 1956 income tax returns.
The parties were divorced in Hardee County, Florida, on August 24, 1954. The final decree of divorce incorporated by reference an agreement between the parties which provided the appellee-husband should pay appellant-wife One Hundred and °%oo ($100) Dollars per month as alimony and support.
In August, 1956, Margaret B. Mack instituted proceedings in Sarasota County, Florida, under the provisions of Sec. 65.18, F.S., 1955, F.S.A., to collect arrearages in the alimony and support payments under the final decree. On August 21, 1956, the Chancellor presiding in the Circuit Court of Sarasota County adjudged James F. Mack guilty of contempt of court for failure to make payments as required by the final decree totaling Two Thousand Three Hundred and °%oo ($2,300) Dollars, entered a judgment for the said arrear-age, imposed a six months jail sentence and suspended the same on the conditions that attorney’s fees, costs and Fifty and °%oo ($50) Dollars per month against the judgment be paid by appellee. Also in the said order of August 21, 1956, the Chancellor granted appellee leave to apply to the proper court for modification of the support provisions of the final decree of divorce.
On August 27, 1956, defendant-appellee filed in the original case in Hardee County, a petition for reduction of the alimony payments required by the final decree. Hearing on the petition was held in August, 1957. On August 21, 1957, the Chancellor entered a decree reducing the payments to be made by James F. Mack for the support of Margaret B. Mack from One Hundred and °%oo ($100) Dollars per month, as provided by the agreement incorporated in the final decree, to Fifty and °%oo ($50) Dollars per month. In addition, the Chancellor included in his decree of August 21, 1957, the following provision:
“It is further Ordered, Adjudged and Decreed that the monthly payment of Fifty Dollars' ($50.00) made pursu- ' ant to an order of the Circuit Court of Sarasota County, Florida,. Case No. 11209, dated August 21st, 1956, shall be deemed and held as a compliance with a payment of the Fifty Dollars ($50.00) herein required to be paid.”
Appellant contends that the quoted portion of the Chancellor’s decree violates established principles of law, which contention is based on the premise that the effect of the order is to forgive the past-due support payments constituting the ar-rearage determined by the order of the Circuit Court of Sarasota County dated August 21, 1956, thereby divesting appellant-of her vested property rights in these unpaid alimony installments. Recognizing that appellant’s right to alimony payments which were past due at the time of the filing of the application for reduction had become vested, Van Loon v. Van Loon, 1938, 132 Fla. 535, 182 So. 205, and in view of the established rule that an equity decree should be interpreted so as to make it correct and proper with' reference to the entire proceedings in the case, Zalka v. Zalka, Fla.1958, 100 So.2d 157, we construe the decree of August 21, 1957, as suspending the alimony payments accruing thereafter until such'time as the arrearage determined by the order of the Circuit Court of Sarasota County dated August 21, 1956, is satisfied by the Fifty and °%oo ($50) Dollars monthly installments therein provided. Given this construction, the quoted portions of the decree of August 21, 1957, are in conformity with the law of Florida that upon sufficient showing of changed circumstances the Chancellor has broad discretion in altering or suspending future alimony payments. See Blanton v. Blanton, 1944, 154 Fla. 750, 18 So.2d 902; Vilas v. Vilas, 1943, 153 Fla. 102, 13 So.2d 807.
Appellant contends that the Chancellor erred in considering the petition of appellee for modification of the alimony provisions of the final decree at a time when appellee was under a suspended sentence *450 for contempt of court for prior failure to make the alimony payments required by the final decree. The order of August 21, 1956, holding appellee in contempt of court and suspending the jail sentence imposed therefor on specified conditions, specifically granted appellee leave to apply for modification of the alimony provisions of the final decree. The petition for modification contained allegations that the reason for appellee’s failure to make the payments required by the final decree had been his financial inability to do so. Under these circumstances it was proper for the Chancellor to consider the petition for modification. Blanton v. Blanton, supra.
On August 27, 1957, six days after the Chancellor had entered his decree reducing the alimony payments required by the final decree, appellant, through her attorney, filed a motion for an order requiring appellee to obtain from the United States Internal Revenue Department and to furnish appellant with photostatic copies of appellee’s 1956 income tax returns. This motion was denied by the Chancellor on the ground that there was no matter then pending before the Court. Appellant seeks reversal of this ruling.
Motions for production of documents are controlled by Florida Rule of Civil Procedure 1.28, 30 F.S.A., which provides that: “Upon motion of any party showing good cause therefor * * *, the court in which an action is pending, may (1) order any party to produce * * * ” any designated documents, etc. (Emphasis added.) The motion filed by appellant on August 27, 1957, contained no allegations purporting to show good cause as required by this Rule. At the time the motion was filed, all pending issues between the parties had been determined by the decree entered August 21, 1957, so that there was no action pending in the court to support discovery proceedings under the said Rule. We hold that the Chancellor rule correctly in denying appellant’s motion for production of a copy of appellee’s 1956 income tax return.
The record furnished us in this case of proceedings subsequent to the entry of the final decree of divorce on August 24, 1954, contains only the pleadings and orders which are contained in the original court file. Each party indicates in the statement of facts included in his brief that the testimony before the Chancellor, although not stenographically reported, was recorded by a mechanical recording device. However, no effort has been made to produce for the use of this court a record of evidence presented in the trial court by available methods other than stenographic transcript of the testimony. See Moyer v. Moyer, Fla.App.1959, 114 So.2d 638. Consideration of the several remaining questions raised by appellant would require reference to the evidence before the Chancellor. The obligation to furnish a record sufficient to support the appeal is upon the party urging error. We cannot review rulings based on evidence before the Chancellor in the absence of a record of such evidence. Johnson v. Roberts, Fla.1955, 79 So.2d 425.
Pursuant to Fla.App. Rule 3.16, subd. e, 31 F.S.A., appellant has moved for allowance by this court of attorney’s fees for the services of her attorney in taking this appeal. Since appellant has failed to furnish this court with a record demonstrating necessity for appellate review of the decree and order appealed from, we deny the motion for attorney’s fees. Cf. Phillips v. Phillips, 1940, 142 Fla. 270, 194 So. 786.
Affirmed.
KANNER, Acting Chief Judge, and SHANNON, J., concur.