117 So.2d 559 (1960)
Grace ENGLISH, Appellant,
v.
J.W. ENGLISH, Appellee.
No. 59-465.
District Court of Appeal of Florida. Third District.
February 4, 1960.
Rehearing Denied February 18, 1960.
*560 Joseph Pardo, Miami, for appellant.
Sylvester P. Adair, Homestead, for appellee.
CARROLL, CHAS., Judge.
The appellant Grace English is the wife of the appellee J.W. English. Her suit against him for separate maintenance was settled in 1957, with a consent final decree which included a provision for weekly support payments, as follows:
"* * * [A]nd further pay to the plaintiff the sum of one hundred dollars ($100.00) per week on the first day *561 of each and every week, with which the said plaintiff-wife shall make payment for food for the household, utilities (including telephone, excepting long distance calls by husband), maid service, laundry, gasoline and maintenance of the wife's automobile, said weekly payment to be made until further order of this court."
In April of 1959, on a motion of the wife alleging certain nonpayment of the $100 weekly installments of alimony, a rule to show cause was issued. Thereafter and before the return date, the husband filed a petition for modification (under § 65.15, Fla. Stat., F.S.A.), alleging a change in circumstances and financial ability. On the hearing it appeared, undisputed, that the husband was in arrears in the amount of $1,300. The chancellor refused to make the rule absolute, and entertained and granted the husband's motion to modify the decree. In his order the chancellor found that the financial circumstances of the defendant had "materially worsened over the past two years" and that he was unable to continue the payments of $100 a week for maintenance of the home, the requirements for which he found were less than that amount. That order contained the further finding that "the plaintiff has an independent income of her own between $10,000.00 to $20,000.00 a year, and that the $100.00 payments heretofore ordered by the court are entirely unnecessary for her support and maintenance." Based on such findings the chancellor modified the decree by relieving the defendant of the provision for payment of $100 per week, and by requiring the defendant to pay only amounts actually needed for support of the household.
The wife filed this interlocutory appeal from that order, and her brief stated the following two questions:
"1. Where the defendant admits that he is in arrears in the sum of $1,300.00 in the payment of separate maintenance entered pursuant to a final decree, did the lower court err in refusing to grant the plaintiff relief for said arrearages?
"2. Was the order of the court granting the defendant's petition for modification of the support payments of $100.00 a week supported by the evidence presented to the court sufficient to grant the relief prayed for by the defendant?"
On the first question, the appellant argues that the court committed error by not adjudging the husband in contempt for his failure to make required payments of alimony, which resulted in the $1,300 arrearage.
One method, in fact the most usual remedy for enforcement of a decree for alimony, in event of default, is by a contempt proceeding. But proof of unpaid arrears of alimony will not entitle an applicant, as a matter of right, to an order of commitment of a person for contempt, as such an application is addressed to the discretion of the court. A respondent to a rule to show cause will be adjudged in contempt when the court determines that the arrearage in alimony is the result of a willful failure to comply with the order for its payment. Orr, for Use and Benefit of Walton v. Orr, 141 Fla. 112, 192 So. 466, 467. A willful default implies that there was capacity and financial ability to pay. Yandell v. Yandell, 160 Fla. 164, 33 So.2d 869; 6 Fla.Jur., Contempt § 53. Here the chancellor in considering the contempt application, and also on the question of whether the husband's motion for modification could be entertained while he was in arrears, concluded that the husband was without the ability to pay. Therefore, the chancellor was not in error in refusing to make the rule absolute.
Appellant's further argument, that this resulted in rendering the husband's obligation on the arrears unenforceable, is not sound. Those amounts of alimony which were in default and accrued at the *562 time of the hearing on the rule to show cause were vested obligations amounting to property rights of which the wife could not be deprived without due process of law. Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205, 208.
The remedy of contempt which the wife chose to pursue was only one of several remedies available to her for collection of the vested alimony arrearage. In 10 Fla.Jur., Divorce § 216, it is said:
"The legislature and the courts of this state have been ingenious in devising methods for the enforcement of decrees in actions for divorce and for alimony without a divorce, and the courts are assiduous in securing to a wife the benefits of decrees in her favor. Of course, the ordinary remedy for the violation of a decree or order is by contempt proceedings. In addition the courts may grant a judgment for arrears and issue execution thereon, and the wife may have the benefit of the garnishment statutes and enforce payment against `exempt income.' The wife is ordinarily awarded suit money in equitable proceedings to enforce a decree.
"Under appropriate circumstances the courts will cause the husband's arrest under a writ of ne exeat, it may enjoin him, his agents, or persons in possession of his property, or trustees from disposing of his assets or income; it may enjoin the husband from interfering with the wife, her property, and her children; it may require a bond or other security and impose a lien on his assets; and it may appoint a receiver of his assets."
On the second question, appellant contended that it was error for the chancellor to permit the husband to apply for modification of the alimony decree while he was in default in payment of alimony in the substantial amount of $1,300. Appellant argued, further, that on considering the husband's petition for modification the chancellor reduced the alimony without evidence adequate to justify and support that ruling. Appellee argued that the husband sufficiently established his inability to pay, entitling him to have his petition for modification considered by the court notwithstanding the admitted unpaid alimony of $1,300, and that the record supports the chancellor's finding of a change in circumstances and in appellee's ability to pay.
The rule that a husband who is in arrears under an alimony order is deprived of standing in a court of equity to seek a modification until he complies with the terms of the original order by paying the sums due thereunder, is subject to exception where the husband can show that he had an inability to pay, due to reasons not within his control or of his making. Blanton v. Blanton, 154 Fla. 750, 18 So.2d 902. See Watson v. McDowell, Fla.App. 1959, 110 So.2d 680; Mack v. Mack, Fla.App. 1959, 115 So.2d 447.
The appellant has not demonstrated that there was an absence of evidentiary matter before the chancellor to support this finding upon which he predicated the granted reduction in the amount of weekly installments of alimony which the decree had ordered paid. The problem presented by the husband's motion for modification was one which rested largely in the discretion of the chancellor, which has not been shown to have been abused.
Affirmed.
HORTON, C.J., and PEARSON, J., concur.