CARROLL, Judge.
The appellant Boris S. Nadiak and the appellee Mildred N. Nadiak were divorced by a final decree entered August 28, 1958. The two children of the parties, a girl and a boy, were aged seven and five years respectively when the decree was entered. The custody of the children was awarded to their mother, with provision for visitation by the father. The decree ordered the father to pay $100 per month alimony and $200 per month child support.
On January 14, 1964, the father filed a petition for modification of the decree. He sought to have the custody changed to him or in the alternative for broader visitation rights, and sought termination of alimony .and reduction of child support. He moved for and obtained an order for the wife to ■show cause, based on a charge that she had been guilty of violating the terms of the ■decree relating to visitation. Thereupon the wife filed a motion alleging the husband was in arrears for "alimony and child support, medical bills, and transportation in the total amount of $5,539.89,” and asked that judgment be entered in her favor therefor.[1]
On hearing the several motions, the •chancellor denied the husband’s petition for change of custody, refused to alter the visitation provision and discharged the rule to show cause. The wife’s motion for a judgment on the arrears was granted and judgment entered.
This appeal, taken by the husband without a lawyer, presented and 'briefed numerous points. On our consideration thereof in the light of the record we ■conclude the appellant has failed to demonstrate error, and that the order appealed from should be affirmed. The order comes here with a presumption of correctness. Odom v. Barrett, Fla.1953, 67 So.2d 200, 201; Picchi v. Picchi, Fla.1958, 100 So.2d 627, 629; Frell v. Frell, Fla.App.1963, 154 So.2d 706, 709; Global Aero Service, Inc. v. Lloyd Aereo Boliviano, S.A., Fla.App.1963, 157 So.2d 708, 709. It deals with matters which are regarded as being within the sound judicial discretion of the chancellor, and one who challenges the correctness of such rulings of a chancellor has the burden of showing abuse of discretion. Pross v. Pross, Fla.1954, 72 So.2d 671, 672; Lauderdale v. Lauderdale, Fla.App.1957, 96 So.2d 663, 665; Gilbert v. Gilbert, Fla.App.1958, 105 So.2d 379; Dworkis v. Dworkis, Fla.App.1959, 111 So.2d 70, 75, 72 A.L.R.2d 1189.
No useful purpose would be served by dealing at length with the numerous points presented by the appellant, certain of which overlap and deal with the same problems. The appellant’s contention that the chancellor erred in certain rulings on admissibility of evidence are not well founded. The records and matters relating to other intervening hearings were properly held by the chancellor to be irrelevant. No sufficient showing was made to entitle this appellate court to reject the chancellor’s findings and rulings on what he presently feels is for the best interests of the children, in denying a change of custody, or enlargement of visitation as provided for in the final decree. Other points raised by the appellant, and not expressly commented on above have been considered and no sufficient basis for reversal of the order appealed from has been made to appear.
By appellant’s testimony certain facts were disclosed. At the time of entry of the final decree in August of 1958 and until *255 September of 1960 he was employed as a pilot by National Airlines, earning approximately $1,500 per month. The airline discharged him in September of 1960 because, according to him, of his arrest on a felony charge instituted against him by his former wife (later nolle prossed) which occurred at the airport at a time when he was in the process of escorting passengers through customs. His pilot’s license was taken away, and he has not had one since. He is 47 years of age, suffers from a recurrent shoulder injury and questions whether he would be able now to pass a physical examination to qualify as an airline pilot. His attempts to obtain positions as a pilot not requiring a license have been unsuccessful, because of his record of arrests instigated by his wife subsequent to the divorce. Appellant explains he has been living on income from investments from savings made prior to 1960, and estimates the value of securities held by him at $60,000. He also owns a home in Kenmore, New York, where he now lives.
The evidence shows substantial change in the financial circumstances of the husband in and after 1960. The reasonableness of the order which granted judgment against the husband for more than $5,000 of arrearages of child support with execution thereon authorized, and at the same time required the husband, whose financial circumstances are much less favorable than they were at the time of the decree, to continue paying the amounts specified in the decree, would appear open to question. On the other hand, the chancellor was required to consider the needs of the wife and of the children for care, maintenance, education and support. The children are seven years older than when the amount for their support was fixed in the final decree. Their needs now should be no less, and no doubt are more. But the apparent imbalance of this order of the chancellor does not justify reversal or modification by this court on this record, which is vague and incomplete on a showing of why the husband has remained unemployed and which does not go into detail with respect to the needs of the wife and children.
The chancellor who had before him the record and who had the benefit of hearing-the evidence, concluded that on his present petition the husband made no sufficient showing for relief. The final decree remains subject to modification in the future-to afford the husband opportunity to seek reduction in the ordered payments for change in his circumstances and on an adequate showing, if such can be made, of financial inability to continue to so respond.
Accordingly, the order appealed fromi should be and hereby is affirmed.
Affirmed.

. As to the effect of arrearages in alimony or support payments on the right of a former husband to file and maintain a petition to modify the alimony and support provisions of a divorce decree, because of alleged changes in his financial status, see Selige v. Selige, 138 Fla. 783, 190 So. 251; Blanton v. Blanton, 154 Fla. 750, 18 So.2d 902, 904; Watson v. McDowell, Fla.App.1959, 110 So.2d 680, 682; Mack v. Mack, Fla.App.1959, 115 So.2d 447, 449-450; English v. English, Fla.App.1960, 117 So.2d 559, 562; Hartley v. Hartley, Fla.App.1961, 134 So.2d 281, 283.