256 So.2d 553 (1972)
Roger R. MARTIN, Appellant,
v.
Henrietta A. MARTIN, Appellee.
No. 70-769.
District Court of Appeal of Florida, Fourth District.
January 14, 1972.
*554 Ledford A. Parnell, Jr., and Richard H. Coburn, of Law Office of Richard H. Cobourn, Hollywood, for appellant.
Henry L. Kaye, of Simons & Schlesinger, Hollywood, for appellee.
OWEN, Judge.
Pursuant to the provision of Section 61.14, F.S. 1969, F.S.A., appellant filed in the circuit court his petition to modify the alimony and child support provisions of a final judgment of divorce entered some three years earlier. At the time of filing the petition appellant was in arrears in payment of support and alimony in the amount of approximately $4,273.66. When the petition came on for hearing a few days after being filed, the court summarily denied appellant a hearing on the petition because of such arrearage.
The mere fact that a husband is in arrears under an alimony order does not, ipso facto, deprive him of standing in a court of equity to seek a modification of such alimony order. Clearly, if the husband has the ability to pay such arrearage and does not do so, whether wilfully or neglectfully, he is not in court with clean hands and in such case his petition should not be considered on the merits until he has complied with the former order by payment of the sums due thereunder. Blanton v. Blanton, 1944, 154 Fla. 750, 18 So.2d 902. Contrarywise, where the husband can show that the arrearage is due to an inability to pay for reasons not within his control or of his making, he should not be deprived of access to a court of equity to be heard on the merits of his petition. Blanton v. Blanton, supra; English v. English, Fla. App. 1960, 117 So.2d 559; Mack v. Mack, Fla.App. 1959, 115 So.2d 447; Watson v. McDowell, Fla.App. 1959, 110 So.2d 680. Otherwise, an impecunious husband, once in arrears, would likely find himself ever increasingly so by the burden placed upon him while paradoxically increasingly less likely to ever have access to the court for appropriate relief.
Appellant's petition for modification, while somewhat lacking in specificity, nonetheless alleged his inability to make payments specified under the order sought to be modified, and alleged a change in circumstance of the parties since the entry of such order, thus presenting a prima facie case entitling him to be heard on the merits. If at hearing it develops factually that appellant has the ability to pay the arrearage, or that his inability to pay has been purposely brought about by some intentional conduct on his part, the court then, upon making a finding of such fact from the evidence before it, may properly invoke the clean hands doctrine and refuse to entertain the petition on its merits.
The order appealed is reversed and this cause remanded for further proceedings consistent herewith.
Reversed and remanded.
REED, C.J., and MAGER, J., concur.