291 So.2d 641 (1974)
Abby G. FEDER, Appellant,
v.
Frederick FEDER, Appellee.
No. 73-1339.
District Court of Appeal of Florida, Third District.
March 5, 1974.
Rehearing Denied April 9, 1974.
Harvey M. Goldstein, Miami, for appellant.
Koeppel, Stark, Marks & Newmark, Miami, for appellee.
Before PEARSON, CARROLL and HENDRY, JJ.
*642 CARROLL, Judge.
This appeal was filed by an ex-wife from a post judgment order in a dissolution of marriage action.
The marriage of the parties was dissolved by a judgment entered October 26, 1972. The wife was awarded custody of the two children of the marriage, infants then aged approximately two years and one year respectively. The husband was ordered to pay $50 per week alimony and $75 per week for child support, and to maintain insurance on an automobile which had been provided for the use of the wife and to pay "all reasonable and necessary medical, hospital, doctor, dental and prescription expenses which are not covered under the husband's major medical insurance policy."
On June 8, 1973, the wife initiated proceedings in the cause seeking to have the husband held to be in contempt for alleged failure to comply with the judgment's requirements for payment of alimony, child support and certain medical expenses. Prior to hearing thereon the husband filed a petition for modification of the judgment under § 61.14 Fla. Stat., F.S.A., seeking reduction in the payment provisions of the judgment, alleging as change of circumstances a decrease in his net weekly income from $267.50 at the time of the judgment to $226.65.
At the hearing it was shown, and the court so found in the order which was entered, the husband was in arrears for alimony and child support in the sum of $1,249.50 and for medical expense payments of $60.60, making a total arrearage of $1,316.10.
It was disclosed in evidence that the husband's income was derived from his services for a construction company (J. & F. Construction Company Incorporated) of which he was the president and which was owned by his mother; that his gross weekly income of $312 at the time of the judgment had not changed and that since the time of the judgment, in addition to such gross weekly income, he had personal use of an automobile supplied by the company. There was no allegation, nor was there any evidence, of a change in the needs of the wife for her support and maintenance.
In the order entered on that hearing the court found the husband to be in arrears in the amount above stated, but did not hold him in contempt therefor or enter judgment for the arrears or otherwise provide for the payment thereof; and the court granted the husband's petition, reducing the alimony from $50 per week to $20 per week, and relieving the husband of the requirement in the judgment for payment of insurance on the wife's automobile.
Where it was made to appear that the husband's gross income was no less than at the time of the judgment, an unexplained assertion that his net income was less by approximately $40 per week did not disclose a basis under § 61.14 Fla. Stat., F.S.A. for such modification of the judgment. In the absence of any substantial or material change in the financial ability of the husband, his application represented an effort to obtain a re-evaluation of the allowances in the final judgment. Moreover, it was sought to have that done by a judge who was a successor to the judge by whom the final judgment had been entered, who since had retired. Gardner v. Gardner, Fla. 1953, 64 So.2d 679, 680; Balfe v. Gulf Oil Company-Latin America, Fla.App. 1973, 279 So.2d 94. Such a re-evaluation of awards made in a judgment of dissolution of marriage, after the judgment has become final, is not warranted (except for fraud or mistake). See Bailey v. Bailey, Fla.App. 1967, 204 So.2d 531; Mazzula v. Mazzula, Fla.App. 1971, 256 So.2d 62.
The right of the wife to payment of the determined arrears of alimony and child support is vested. Van Loon v. Van Loon, 132 Fla. 535, 182 So. 205, 208. While it was within the discretion of the court to refrain from holding the husband in contempt therefor, the wife is entitled to enforcement of payment of the same by legal *643 process and by such equitable remedies as the trial court may determine to be appropriate or necessary to that end. See English v. English, Fla.App. 1960, 117 So.2d 559.
Also, in the absence of proof that the husband was without financial ability to make the defaulted support payments which constituted the arrears, his motion should not have been entertained while such default by him continued. Blanton v. Blanton, 154 Fla. 750, 18 So.2d 902, 904; Watson v. McDowell, Fla.App. 1959, 110 So.2d 680, 682; Mack v. Mack, Fla.App. 1959, 115 So.2d 447; Martin v. Martin, Fla.App. 1972, 256 So.2d 553.
The order modifying the judgment is reversed.