McNULTY, Judge.
This is an appeal from an order on child support payments in which the court reduced to judgment certain amounts said to be in arrears on a 1962 final decree of divorce. We reverse.
Appellee Tommy Smith was the plaintiff in the original divorce proceeding but the divorce was granted to the wife, appellant here, on the basis of her counterclaim. The final decree of October 10, 1962 incorporated a stipulation agreed to by both parties as to the amount of child support payments to be made.
On January 4, 1963 Tommy appeared before the trial court to show cause why he should not be adjudged in contempt of court for not paying all of the support and alimony payments. He admitted being $170.00 in arrears, but pleaded economic hardship and asked both that the arrearage be “dismissed” and that the child support payments be reduced. The court order disposing of these motions provided as follows :
“ORDERED, DECREED AND ADJUDGED that the plaintiff, Tommy Smith, shall not be adjudged in contempt so long as he pays Ten Dollars ($10.00) per week to the defendant for the sup *768 port of each of the parties’ children and Fifteen Dollars ($15.00) per week as alimony to the defendant. This Court specifically confirms the terms of the Final Decree herein, to wit that the plaintiff shall pay to the defendant the sum of Twenty Dollars ($20.00) per week for the support of each of the parties’ children . . ' . .” (Italics added.)
It is to be emphasized that this order confirmed the terms of the decree, it did not modify them, even though the net effect thereof was to allow Tommy to purge himself of contempt upon continued payment of only one-half the amount required.
Two subsequent orders entered on later petitions for enforcement of the decree also did not purport to modify the payments specified in the original decree.
The order appealed from here, however, was addressed to appellant’s motions for enforcement and for contempt and, additionally, on Tommy’s motion for modification. The crucial portion of said order is as follows:
“That Plaintiff, Tommy Smith, is, as of July 21, 1972, in arrears in the payment of child support (as reduced by Order of this Court on January 23, 1963) in the amount of $3,905.00, for which sum the Court hereby enters judgment against the said Tommy Smith, and for which let execution issue.” (Italics added.)
Obviously, the appealed order interprets the January 23, 1963 order as modifying the final decree. This, however, is in conflict with the very terms of that order which “confirms” the decree. In effect, then, the order appealed from retrospectively reduced the amount owed by one-half. This was reversible error. It is well settled that past due, unpaid support payments constitute a vested property right which cannot be retroactively reduced.[1]
The order appealed from is reversed and remanded with instructions for the trial court to enter judgment for the full amount of arrearages based on the amount of payments in the original divorce decree.[2]
HOBSON, A. C. J., and GRIMES, J., concur.

. See, e. g., Blanton v. Blanton (1944), 154 Fla. 750, 18 So.2d 902; Pottinger v. Pottinger (1938), 133 Fla. 442, 182 So. 762; Van Loon v. Van Loon (1938), 132 Fla. 535, 182 So. 205.

. This opinion does not affect the order appealed from insofar as it reduced child support payments in futuro.