436 So.2d 367 (1983)
David Alan CAIN, Appellant,
v.
Nancy Marie CAIN, Appellee.
No. 82-1140.
District Court of Appeal of Florida, Fourth District.
August 17, 1983.
*368 Michael H. Stauder, West Palm Beach, for appellant.
Robert A. D'Angio, Jr., North Palm Beach, for appellee.
DELL, Judge.
David Alan Cain appeals an order which denied his petition for modification of a final judgment of dissolution, denied his petition for partition and awarded attorneys fees to appellee.
In 1971 the parties entered into a property settlement agreement which the court incorporated into its final judgment of divorce. The agreement provided for the wife to have the "permanent possession, use and control of the home property until [appellant] shall no longer be required to support the minor children of the parties." Following the divorce, appellant moved to Connecticut. He has maintained a very poor record for payment of child support and alimony. In 1979, the court awarded appellee a judgment in the amount of $10,600 for child support and alimony arrearages. The court also awarded attorneys fees of $750 and costs of $52. Appellant ignored this judgment and continued to fall behind on his child support payments. By 1981, the arrearage of child support had again climbed to $2,782. On December 4th, 1981, appellee obtained a writ of execution on the 1979 judgment and directed execution against the marital home. Thereafter, on December 28th, appellant paid the sum of $2,782 to the wife, and on January 8th, filed a petition for modification of the final judgment and a complaint for partition. He asserted in his petition for modification that since appellee had remarried, her right to exclusive use of the home should be terminated and the property sold with the profits divided between the parties. He also filed a petition for stay of the writ of execution which the trial court granted. Following a hearing on appellant's petition, the trial court denied the petition for modification, vacated the stay of execution and awarded the wife attorneys fees and costs.[1]
On appeal, appellant argues that the evidence established a sufficient change in appellee's circumstances to justify modification of the final judgment, that the court erred in refusing to modify the final judgment because he lacked "clean hands," and that the court erred in awarding the wife attorneys fees.
The record demonstrates that since the time of the final decree dissolving the marriage of the parties, appellant has consistently failed to timely pay child support. The record does not disclose whether or not appellant offered a reasonable explanation to justify the accrual of more than $10,000 in child support and alimony arrearages by the year 1979, and fails to disclose the reason for the additional arrearages which occurred between 1979 and 1981 in the amount of $2,782. The record does demonstrate, however, that the husband made no *369 effort to pay the judgment for arrearages or to cure the $2,782 arrearage until after the wife obtained a writ of execution on the marital home. It also demonstrates that at the time of the hearing on the petition for modification, an arrearage existed. Appellant makes no argument that the trial court deprived him of the opportunity to explain his failure to comply with previous orders. Therefore we are not confronted with the situation that existed in the case of Fleet v. Fleet, 345 So.2d 792, 793 (Fla. 4th DCA 1977).
It is well settled that the doctrine of "clean hands" permits a judge sitting in equity to refuse to grant a petition for modification of a support decree when the petitioner is in arrears.
[I]t is said that, based on the doctrine of "clean hands," a decree for payment of alimony will not be vacated unless the petitioner has paid up all alimony due under such decree, or by his petition shows his inability to do so.
Blanton v. Blanton, 154 Fla. 750, 18 So.2d 902, 904 (1944).
It is equally well settled that the determination of whether or not a petitioner comes to the court of equity with clean hands is for the trial judge to determine.
In the case at bar, it was a question for the chancellor to determine whether, on the particular facts presented, he should entertain the application for modification, and we would not be justified to hold that any error was committed in doing so; ....
Id. 18 So.2d at 904.
Although appellant presented sufficient evidence to justify modification under most circumstances, we find sufficient evidence for the trial judge to refuse such relief under the doctrine of "clean hands."
We find merit in appellant's argument that the trial court erred in awarding appellee attorneys fees in this action.
Accordingly, we affirm the trial court's denial of appellant's petition for modification and the order vacating the stay of execution. We vacate that part of the trial court's order awarding appellee attorneys fees arising out of this action.
AFFIRMED AS MODIFIED.
DOWNEY, J., concurs.
WALDEN, J., concurs in part and dissents in part with opinion.
WALDEN, Judge, concurring in part and dissenting in part:
I respectfully dissent from that portion of the majority opinion which approves the denial of the former husband's petition for partition on the grounds of unclean hands. My view is based on the authority of Lambert v. Lambert, 403 So.2d 484 (Fla. 1st DCA 1981), where the husband's request for partition was approved upon the remarriage of the wife regardless that the former husband had apparently failed to make child support payments and there was an arrearage.
Moreover, I am in nowise persuaded that the former husband should be barred from relief because of his past failure to make child support payments. As reflected, the parties were divorced in 1971. The wife undertook enforcement only twice in the intervening years. In 1979, the trial court entered judgment for the arrearage but did not adjudge the former husband to be in contempt. In 1980, the trial court denied the former wife's motion for contempt and only ordered the former husband to pay a $640.00 medical bill. While we do not have a transcript of these two hearings, it seems safe to assume two things. First, the trial court would have forced payment via contempt if the former husband had the ability to make the payments. Second, the former wife would have made continual enforcement efforts had she thought her former husband possessed the ability to pay the arrearage.
Denying access to the court based on the doctrine of unclean hands is an extreme sanction which ought to be invoked under only the most provocative or contumacious circumstances. It is tantamount to striking a party's pleadings. And, as all know, it would be a rare instance in contested marital *370 litigation where one or both the parties are not to some degree or other in violation of the letter or spirit of the judgment. It should be the purpose of the trial court to conciliate and bring the parties into compliance using the several tools available rather than to nakedly punish, except as a very last resort. Here, the former husband, if partition is ordered, has offered to place in escrow with the court clerk by stipulated court order all sums due or to become due by reason of his child support obligation. This would come from his share of the sale's proceeds. The former wife is entitled to this assurance, but not more. Instead, she has taken advantage of the former husband's impecunious state which leaves him unable to pay the judgment other than from his share of the proceeds if the house is partitioned and sold. As a consequence she stands to gain a substantial windfall far in excess of the monies due to her for child support, all at the husband's expense. This writer does not condone the former husband's failure to pay child support represented by the judgment. However, under the facts reflected in this record I cannot condone the harsh penalty being visited upon the husband, particularly when, as stated, earlier trial judges with the facts fresh before them in adversary contempt proceedings were unable to find contempt.
I would reverse the denial of partition and remand. I concur in the other portions of the majority opinion.
NOTES
[1] The court did not rule on appellant's petition for partition since without modification of the final decree he had no right to partition.