PER CURIAM.
This is an appeal from a final judgment retroactively modifying the husband’s obligation for support and alimony and giving the husband credit on arrearages for voluntary payments he made for the children’s boarding school tuition and summer camp expenses. Based on the equitable doctrine of unclean hands, the wife contends that the trial court erred in its modification of alimony and child support. She further claims error due to the retroactive provision, the amount, and the credits contained in the support modification order. Finding no abuse of discretion, we affirm, but remand to correct an error in the calculation of the child support arrearage.
The husband and wife have engaged in lengthy and hotly contested dissolution and post-judgment proceedings. The parties were married for nineteen years and had three children, ages fifteen, twelve, and nine at the time of the dissolution judgment, which was entered in July of 1992 after a bench trial which the husband did not attend. At the time of the divorce, the husband was a dermatologist earning a monthly net income of $25,000, and the wife was not employed outside the home. The wife was awarded $7,220 in monthly child support and $7,142.85 in monthly permanent periodic alimony. Sole custody of the children was awarded to the wife because of the husband’s increasingly erratic and bizarre behavior. On appeal, this court affirmed the dissolution judgment in all respects except for restrictions that were placed on the husband’s visitation which were entered without notice to the husband. See Blender v. Blender, 623 So.2d 544, 544-45 (Fla. 4th DCA 1993).
For the next five years, the parties continued to excessively litigate the payment and amount of child support, and alimony as well as child custody. On September 3, 1993, the husband filed a petition to modify the final judgment, seeking to reduce the child support and alimony payments on the ground that he was no longer able to practice medicine since his license was suspended due to his mental condition. • Subsequently, on March 17, 1994, the husband filed an amended petition seeking primary residential custody and an order requiring the wife to move, back to Palm Beach County. On the same day, the wife filed a petition for modification seeking sole parental responsibility and restricted visitation for the husband. Unfortunately, these petitions were pot resolved expeditiously. Instead, the parties engaged in motion practice for the next four years filing more than nine motions for contempt, as a result of which the husband was jailed at least four times for nonpayment of alimony and support. During this time, the former husband tried to secrete his disability payments from his former wife, and substantial arrearages built up.
Finally, in 1997, a trial was held on the petitions for modification. The parties stipulated that the husband had not worked as a medical doctor since 1992 and was receiving monthly disability benefits, of $12,800. Since that time, the former wife had received $129,596.52 through income deduction orders on one of the disability policies. The husband had another policy through Equitable which had made monthly payments totaling $329,550, most of which was sent to an offshore corporation owned by him. To1 obtain payments from Equitable, the wife filed suit, which resulted in a $163,153.64 payment into the court registry. At the time of the hearing, the husband testified that his monthly gross income from his disability policies was $12,450; or approximately $9,000 after taxes.
At the hearing,- the wife testified extensively concerning the history of the custody, support, visitation, and contempt orders, to support her primary argument that the trial court should apply the doctrine of unclean hands to prevent a downward modification, as the husband was still substantially in arrears for his support and alimony payments. The wife did not meaningfully dispute that there was a sub *952 stantial change in circumstances, arguing instead that since the husband was seeking an equitable remedy, he could not come to the court with unclean hands.
With respect to credits against arrearag-es, the husband testified that he had paid the boarding school tuition for his daughter and sons in the amounts of $22,000 and $25,000, respectively. In addition, he also paid $30,000 total for both sons to attend summer camp during the summers of 1991 through 1994. On the other hand, the wife testified that the tuition for the daughter’s boarding school was paid by the daughter’s “benefactress” and not by the husband or herself.
Ultimately, the trial court granted the husband’s petition for modification. The order provided for the husband to receive credits against the $231,969.35 child support arrearage amount for the daughter’s boarding school tuition and the sons’ $30,000 summer camp tuition. The court reduced the child support to $2,000 retroactive to the date of filing, which the order recited was March 17, 1994. This was the date when the husband filed the amended petition requesting custody modification. The court also reduced alimony to $1,500 per month retroactive to the same date. The court denied the husband’s request for shared parental responsibility but reserved jurisdiction to reconsider the issue once visitation had normalized. It also awarded the wife her attorney’s fees and costs. On a subsequent motion to correct a clerical error, a successor judge corrected the retroactive modification date to September 3, 1993, which was when the husband filed the original petition for modification requesting the support reduction. As a result, after calculation of the arrearages, the court entered an order determining that the arrearage due to the wife for child support and alimony through May 31,1998 was $142,833.98. The wife appeals the order.
The wife’s primary argument on appeal is that, due to the existence of a substantial arrearage amount, the trial court erred by failing to apply the equitable doctrine of unclean hands to prevent modification. In Blanton v. Blanton, 154 Fla. 750, 18 So.2d 902, 904 (1944), the supreme court explained the application of the unclean hands doctrine to cases for modification of support obligations:
the appellant was badly in default on the payments required by the final decree of divorce when he filed his application for modification of its terms, a large proportion of which default was not satisfactorily explained away by the evidence introduced. In Selige v. Selige, 138 Fla. 783, 190 So. 251 [(Fla.1939)], it was held that a divorced husband was not entitled to apply to the court to modify a final decree for the payment of alimony, court costs and counsel fees until he had complied with the decree by payment of the sums decreed to be paid. But in that case it was shown that the husband clearly had the ability to pay, and the holding therein must be construed in the light of that fact. In 19 C.J. 324, it is said that, based on the doctrine of “clean hands,” a decree for the payment of alimony will not be vacated unless the petitioner has paid up all alimony due under such decree, or by his petition shows his inability to do so. See also Palm, Shores v. Nobles, 149 Fla. 103, 5 So.2d 52 [(Fla.1941)]. In the case at bar, it was a question for the chancellor to determine whether, on the peculiar facts presented, he should entertain the application for modification, and we would not be justified to hold that any error was committed in doing so ....
(emphasis added). Thus, contrary to the wife’s argument, an arrearage does not per se require denial of a modification petition so long as respondent can show that he or she was unable to comply with the previous support order.
In the instant case, the trial court found that the husband’s sole source of income since shortly after the original divorce came from his disability payments of *953 $9,000 net per month, while his alimony and support obligations amounted to nearly $15,000 per month. Based upon the evidence presented to the trial court, we conclude that the trial court did not abuse its discretion in modifying support and alimony or in making th.e modification retroactive to the filing date of the petition.
Nor do we deem it to be in excess of its jurisdiction that the successor judge corrected the clerical error to allow retroactive effect of the order on modification to the date of the September 1993 petition requesting modification of child support and alimony. The March 1994 petition requested a modification of custody, not support. We do not consider it a change in the substance of the order to correct the date to reflect when the original request for modification of support was filed. Cf. In re Beeman’s Estate, 391 So.2d 276, 281 (Fla. 4th DCA 1980); Keller v. Belcher, 256 So.2d 561, 562-63 (Fla. 3d DCA 1971), cert. denied, 280 So.2d 682 (Fla.1972).
The wife also claims that the trial court erred in its computations with respect to retroactive child support. We agree with her argument that during a portion of the retroactive period before the eldest child turned 18 on February 9,1995, the trial court should have awarded the wife the amount recommended in the guidelines for three children instead of only two. The husband concedes error but contends that the amount sought is minimal. However, based on the trial court’s finding that the parties’ combined monthly income was $10,500, the minimum monthly guideline amount, pursuant to section 61.30(6), Florida Statutes (1995), is $2,839.50.[1] The husband’s 90% portion of that amount would be $2,555.55. For the months during which the three children were minors, the wife was shortchanged by $8,782.20.[2] We do not deem this amount to be a minimal error, given the financial circumstances of the parties. ' We remand for the trial court to increase the amount due to the wife by the amount the wife was shortchanged as a result of the erroneous calculation.
With respect to the wife’s claim that the trial court should have imputed income to the husband based upon its determination that the husband was capable of working, we affirm. The wife offered no evidence to support the imputation of any level of income to the husband. Without such proof, the trial court would have erred had it imputed income. See Burkhardt v. Bass, 711 So.2d 158, 161 (Fla. 4th DCA 1998).
We also find no error in allowing the husband a credit against support ar-rearages for the boarding school tuition and summer camp expenses of the children. The parties’ testimony showed that they had contemplated ‘‘attendance at the boarding school and summer camp at the time of the final dissolution judgment. Accordingly, the husband’s payment thereof was within the spirit of the final judgment’s support provisions and could be deducted from the support amount. See Goldman v. Goldman, 529 So.2d 1260, 1261-62 (Fla. 3d DCA 1988).
We affirm as to all other issues not specifically addressed in this opinion.
*954 Affirmed, but remanded to correct error in calculation of child support.
STONE and GROSS, JJ., concur.
WARNER, C.J., dissents with opinion.

. This amount is computed by taking the highest minimum payment enumerated in the statutory table ($2,792 for three children based on a $10,000 net income) and adding 9.5% of the amount over $10,000 (9.5% of $500 = $47.50). Thus, the minimum amount of support for three children whose parents' combined net incomes are $10,500 is $2,839.50 per month.

. Based on our conclusion that the trial court correctly modified the retroactive date to September 3, 1993, the eldest child was a minor for approximately 17 months during which the wife was entitled to monthly support for the children in the amount of $2,555.25, as calculated above. However, 'since she only received support for two children in the monthly amount of $2,038.95, she was cumulatively shortchanged $8,782.20 ($43,444.35 [17 x $2,555.55] — $34,662.15 [17 x $2,038.95] = $8,782.20).