BLACK, Judge.
Kelly Jenkins (Former Wife) challenges the order granting Timothy Jenkins’ (Former Husband) petition for a downward modification of child support.[1] The Former Wife asserts that the circuit court erred by failing to apply the equita *311 ble doctrine of unclean hands to prevent modification due to the Former Husband’s child support arrearages, totaling in excess of $24,000. Because the Former Husband failed to show that he was unable to comply with the previous support order, we agree and reverse. As this issue is dispos-itive, we withhold comment on the other issues raised by the Former Wife on appeal.
It is axiomatic that one who seeks equity must do equity. The Florida Courts have frequently applied the rule against former husbands who come into an equity court seeking modification downward of a previous alimony, or even child support, decree where it develops that he is in substantial default in making the preexisting payments or is otherwise in default. In such event, it has been uniformly held that the doors of chancery are closed to him so long as he is in such wilful default.
Ohmes v. Ohmes, 200 So.2d 849, 856 (Fla. 2d DCA 1967) (citations omitted) (discussing the “age-old doctrine of ‘clean hands’ ”). However, “an arrearage does not per se require denial of a modification petition so long as respondent can show that he or she was unable to comply with the previous support order.” Blender v. Blender, 760 So.2d 950, 952 (Fla. 4th DCA 1999) (discussing the unclean hands doctrine in the context of modification of support cases as articulated in Blanton v. Blanton, 154 Fla. 750, 18 So.2d 902, 904 (1944)). But if the party in default fails to demonstrate his or her inability to comply with the prior support order, the petition for modification should not be considered. See Watson v. McDowell, 110 So.2d 680, 682 (Fla. 2d DCA 1959) (“[Wjhere existing arrearages are still outstanding no counterclaim for modification of the final decree under changed financial circumstances will be permitted unless the arrearages are paid or the petitioner shows his inability to pay them. [The former husband] has nowhere alleged nor shown his inability to pay the arrearages. It follows that the counterclaim herein, based upon the changed financial need of the children, should not have been permitted.”).
On May 28, 2012, the Former Husband filed a supplemental petition for modification seeking in part a reduction in his child support obligation. In response, the Former Wife filed a verified answer and coun-terpetition seeking in part an increase in the Former Husband’s child support obligation. A hearing on issues pertaining to child support was held on October 14, 2013, before a hearing officer. The order granting the Former Husband’s petition for downward modification with the findings and recommendations of the hearing officer was entered by the circuit judge.
There is no transcript of the October 14, 2013, hearing. As such, the Former Wife prepared a stipulated statement of the facts from the hearing. See Fla. R. App. P. 9.200(b)(4). The Former Husband did not file an objection to the statement of facts. The circuit court granted the Former Wife’s motion for court approval of the statement of facts, and it was filed in this court. Our limited record demonstrates that when the parties’ marriage was dissolved in 2009 the Former Husband was ordered to pay child support. By May 18, 2012, the Former Husband’s child support arrearages had reached $11,715.08, and the Former Husband was found in contempt for failing to pay court-ordered child support. At the hearing on October 14, 2013, the Former Wife submitted into evidence an arrearage affidavit showing that the Former Husband currently owed over $24,000 in child support. The stipulated statement of facts demonstrates only that “[c]ounsel for [the Former Husband] *312 attempted to elicit testimony from [the Former Husband] on how he didn’t have enough money to pay the prior monthly child support amount.”
The Former Husband did not allege in his petition for modification that he was unable to comply with the prior support order. Nor does our record “disclose whether or not [the Former Husband] offered a reasonable explanation to justify the accrual of more than [$24,000] in child support ... arrearages.” See Cain v. Cain, 436 So.2d 367, 368 (Fla. 4th DCA 1983) (affirming the trial court’s denial of petition for downward modification of child support pursuant to the doctrine of unclean hands). And though the Former Husband’s August 2013 financial affidavit submitted into evidence at the hearing showed a monthly deficit, he filed several other financial affidavits between June 2012 and August 2013 and the financial affidavit dated October 2012 shows a monthly surplus. Cf. Dragland, v. Drag-land, 584 So.2d 46, 47 (Fla. 2d DCA 1991) (holding that the trial court did not abuse its discretion in denying the husband’s petition for modification of alimony despite demonstrating that he suffered a substantial change in circumstances due to the “[h]usband’s lack of any appreciable effort to satisfy any of his obligations even when he had at least some ability to do so”). Further, the circuit court made no findings that the Former Husband was unable to comply with the previous support order. Cf. Blender, 760 So.2d at 952-53 (holding that the trial court did not abuse its discretion in modifying child support and alimony despite arrearages where the trial court found that the husband’s income since shortly after the original divorce was greatly exceeded by his support and alimony obligations).
Because the record does not demonstrate that the Former Husband established his inability to comply with the prior support order, we reverse the order granting the Former Husband’s petition for downward modification of child support. See Feder v. Feder, 291 So.2d 641, 643 (Fla. 3d DCA 1974) (reversing the order granting the former husband’s petition for downward modification of support because “in the absence of proof that the husband was without financial ability to make the defaulted support payment which constituted the arrears, his motion should not have been entertained while such default by him continued” (citations omitted)).
Reversed.
KELLY, J., Concurs.
LUCAS, J., Concurs in result only.

. The Former Husband did not participate in this appeal.