ANSTEAD, Judge.
This is an appeal by both parties from the trial court’s order dismissing and denying petitions for modifications of both the husband and wife. We reverse.
During the course of a final hearing on the husband’s petition for modification and the wife’s counterpetition, the trial court discovered that the husband had failed to comply with a previous order of the court. At that point the court stated that he was dismissing the husband’s petition on the basis that the husband had “unclean hands.” At the same time, the trial court stated that he was dismissing the wife’s petition for modification also. The husband was not given an opportunity to explain his failure to comply with the previous order, and neither party was given an opportunity to complete the presentation of their evidence.
The record clearly supports the trial court’s finding that the husband had violated the terms of a previous court order. However, we feel the husband is entitled to complete his presentation of evidence before the court determines what action should be taken on the petition, including denial thereof on grounds of “unclean hands” if such be the conclusion of the court after the hearing has been completed.
The wife’s petition was also denied before the completion of her case. In essence the wife was claiming that the husband had been guilty of fraud in past applications to the trial court which had resulted in modifications favorable to the husband. The trial court apparently felt the wife had not timely raised the issue of fraud. Rule 1.540(b) of the Florida Rules of Civil Procedure authorizes an action based upon fraud upon the court even beyond the usual one year period that relief may be obtained *793 from a judgment. Accordingly, we feel the wife is entitled to a hearing on her petition.
The wife has also appealed the trial court’s denial of her request for attorney’s fees and costs. Since the trial of this cause has not been completed it would be premature to determine the issue of attorney’s fees and costs. That determination should properly be made at the conclusion of the final hearing.
Accordingly, the judgment of the trial court is reversed with directions that a final hearing be conducted in accordance with this opinion.
MAGER, C. J., and ALDERMAN, J., concur.