OTT, Judge.
The parties to this action were divorced in 1972. Appellant was awarded alimony of $10 per week plus half of appellee’s annual earnings in excess of $5,000. In 1975, appellant filed a motion to have appellee held in contempt for failure to make payments in accordance with the judgment. In August, 1976 appellee moved to terminate alimony entirely.
The two motions were consolidated for hearing and thereafter the court issued its order (1) terminating alimony as of the date appellee filed his motion,[1] and (2) declaring that he owed appellant $20,000 as of the end of 1975.
Appellant challenges the amount the trial court found due. Specifically, she argues that the trial court erred in failing to (1) take into account appellee’s share of the profits earned by a farming operation he conducted with his new wife, and (2) award any amount of alimony for the year 1976. We agree with both points and accordingly reverse the order in that respect.
Following the divorce appellee’s new wife began a tomato farming operation with one Forrest under the name Sun & Sand Farms. Appellee managed this business at a salary of $150 per week. In 1974, this venture was terminated and appellee’s wife received $66,000. Thereafter, she continued growing tomatoes as a sole proprietor under the name “A & R Farms”. Ap-pellee managed this farming operation at a salary of $200 per week.
The business was very successful. Exact profit figures have not been divulged, but in 1976, for example, 350 acres of tomatoes *1098 were harvested at a total cost of $2,000 per acre. The crop was sold to three packing houses, and while receipts from two packers were not produced, the third paid A & R Farms $713,500 for “half to two-thirds” of the crop.
The profits from A & R Farms were used to acquire various properties, both real and personal. Title to everything was taken in the joint names of appellee and his wife. When the business needed operating capital, these assets were sometimes pledged as collateral for bank loans. On at least one occasion appellee cosigned for a $350,000 loan for the business.
The trial court found that appellee and his wife were joint-venturers as to a half interest in Sun & Sand Farms, and accordingly found that appellant was due one-fourth of the $66,000 received when that business was dissolved. As to A & R Farms, however, the court ruled that even if appellee had a joint interest in that business, appellant was not entitled to any of its earnings because she had not sustained her burden of proving accurate profit figures.
We think that the evidence that A & R Farms was a joint venture of appellee and his wife, Angelina, was at least as clear as that concerning Sun & Sand Farms. In addition, the evidence established that A & R Farms earned a profit of at least $246,833 in 1976 alone.[2] The record before us does not indicate that appellee attacked these figures in any way. On the record, therefore, it would appear that appellant is entitled to an additional $61,708. Since the lower court excluded 1976 altogether, we remand the case for retrial of the issue of the profits earned by A & R Farms from the time it began operations until August 27, 1976. That will afford both parties an opportunity to address the point.
We further hold that the court should have determined the amount of alimony due up to the date of termination, August 27, 1976. Perhaps the trial court wanted to keep the question of 1976 alimony open for consideration in other proceedings at which appellant would have an opportunity to cure what the court regarded as a failure of proof. However, it seems to us that the interests of both parties will be better served by resolving all their disputes in this one action.
The portion of the order determining the amount of alimony due appellant is reversed and the case is remanded for further proceedings consistent with this opinion.
SCHEB, Acting C. J., and RYDER, J., concur.

. Appellant also makes an oblique attack .on that portion of the order terminating alimony. She does not challenge the merits of the order, but instead confines her argument to the question of the propriety of entertaining appellee’s motion while he was delinquent in alimony payments. We are satisfied that this lies within the discretion of the court and that no abuse thereof has been shown. See Martin v. Martin, 256 So.2d 553 (Fla. 4th DCA 1972) and English v. English, 117 So.2d 559 (Fla. 3d DCA 1960), especially at page 562 under [7],

. $713,500 less two-thirds of $700,000.