GRIMES, Judge.
The husband appeals orders holding him in willful contempt for the failure to pay alimony and denying his petition for modification of the alimony award. He further appeals a subsequent award of attorney’s fees following an appropriate reservation of jurisdiction.
The husband sought to claim an offset against the alimony payments to the extent of one-half of certain expenditures he had made upon a building which was owned by the parties as tenants in common. The court concluded that it would consider these payments as bearing upon the husband’s ability to pay as a defense to the motion for contempt, but held that the court had no jurisdiction to actually set off the purported expenditures against the claim for alimony. While we would not go so far as to say that the court had no jurisdiction to impose a setoff against alimony, the facts of this case fall far short of establishing the “compelling equitable crite *662 ria” which would permit a setoff to be made against the husband’s alimony obligations. See Chappell v. Chappell, Fla.App. 4th, 1971, 253 So.2d 281.
There is competent substantial evidence to support the conclusion that the husband had the financial ability to pay the back alimony and that he willfully refused to do so. Once this determination was made, the husband was not entitled to have his claim for modification considered. Feder v. Feder, Fla.App.3rd, 1974, 291 So.2d 641; Martin v. Martin, Fla.App.4th, 1972, 256 So.2d 553.
The husband’s contentions with respect to the attorney’s fees are without merit.
AFFIRMED.
HOBSON, A. C. J., and SCHEB, J., concur.