## 20902

Kenneth A. AVIN, Individually and as natural guardian of Kenneth A. Avin, Jr., a minor born May 20, 1971, and Kevin Keith Avin, a minor born July 5, 1975, Appellant-Respondent, v. Linda W. AVIN, Respondent-Appellant.

(252 S. E. (2d) 888)

*Joseph T. McElveen, Jr.,* of *Bryan, Bahnmuller, King, Goldman & McElveen,* Sumter, *for appellant-respondent.*

*Robert O. Purdy, III,* Sumter, *for respondent-appellant.*

February 28, 1979.

*Per Curiam:*

The parties to this case were granted a divorce by the lower court on the ground of the wife's adultery. Both parties have appealed assigning numerous errors by the lower

court with respect to child custody, property division, attorney fees, and child support. The grant of the divorce by the lower court has not been appealed. We affirm in part, reverse in part, and remand.

We first consider the contention of Mr. Avin (appellant-respondent) that the visitation allowed Mrs. Avin (respondent-appellant) by the trial judge with respect to the two minor children of the parties was excessive and not in their best interests. The children involved in this case are Kenneth A. Avin, Jr., seven (7) years of age, and Kevin Keith Avin, five (5) years of age.

Although the order of the trial court grants basic custody of the children to Mr. Avin, it directs that Mrs. Avin have visitation with the two children every weekend of each month, except for the first weekend of the month, from 4:00 p. m. Friday afternoon until 7:00 p. m. on the Sunday immediately following. Additionally, Mrs. Avin was granted the right to have the children with her on Wednesday afternoons from 4:00 p. m. until 7:00 p. m. Mrs. Avin was also granted extended visitation for fourteen (14) days during the summer months and during Christmas vacation from 2:00 p. m. on December 25 until December 28 at 9:00 p. m.

It is apparent from the above that Mrs. Avin, the non-custodial parent, will have the children for forty (40) weekends per year. We feel that this is excessive and constitutes an abuse of discretion. In *Mixson v. Mixson,* 253 S. C. 436, 447, 171 S. E. (2d) 581, 586 (1969), quoting Nelson on Divorce (2d Ed.) § 15.17, this Court stated:

". . . ordinarily it is not conducive to the best interests and welfare of a child for it to be shifted and shuttled back and forth in alternate brief periods between contending parties, particularly during the school term. Furthermore, such an arrangement is likely to cause confusion, interfere with the proper training and discipline of the child, make the child the basis of many quarrels between its custodians, render its life unhappy and discontented and prevent it from living a normal life."

In accordance with the rationale of *Mixson*, we reverse the provisions of the lower court's order setting forth visitation of the children with Mrs. Avin as excessive and remand for redesignation of visitation in harmony with the views herein expressed.

Mr. Avin further contends that it was error for the trial judge to require that he pay child support to Mrs. Avin during the periods of visitation. We have not been cited to any cases in this state, nor are we aware of any, in which a custodial parent has been required to pay a noncustodial parent support for children during periods of visitaiton. We do not believe an award of child support under these circumstances to be in accord with sound or prevailing policy, and we decline to approve it. The fixed obligation of the custodial parent to provide the necessities of life for his children is a continuing one and does not cease during the temporary absences of the children while on visitation. To require that he pay child support to the noncustodial parent during such temporary periods, in addition to maintaining at all times a permanent home for the children, is against the weight of reason. We reverse the provision of the lower court's order directing payment of child support.

The remainder of the exceptions presented by the parties are answered by settled principles of law and, since no error of law appears and a full written treatment of them would have no precedential value, we affirm them under Rule 23 of the Rules of Practice of this Court.

Affirmed In Part; Reversed In Part And Remanded For Further Proceedings Not Inconsistent With This Opinion.