373 So.2d 931 (1979)
Marion M. MAYER, Appellant,
v.
Robert W. MAYER, Appellee.
No. 78-246.
District Court of Appeal of Florida, Fourth District.
June 20, 1979.
On Rehearing August 29, 1979.
*932 Brad L. Jefferson and Robert J. Gorman of Brennan, McAliley, Albury & Hayskar, Fort Pierce, for appellant.
C. Norris Tilton, Jensen Beach, for appellee.
DOWNEY, Chief Judge.
The parties to this appeal were divorced in Illinois in 1959. The final decree incorporated an agreement between the parties wherein, among other things, the husband agreed to pay the wife $350 per month permanent alimony and pay the premium on a life insurance policy naming the wife as beneficiary. The husband moved to Florida and in 1975 the wife filed suit to establish the Illinois decree as a Florida judgment and to recover arrearages through contempt proceedings or other equitable remedies. By way of an Answer, the husband sought modification of the payments required under the agreement and Illinois decree.
The trial court entered an order on April 21, 1976, establishing the Illinois decree as a Florida judgment; adjudicated and entered judgment for the arrearage of $6,825; found the husband's circumstances had substantially changed but denied modification because he had not demonstrated the change was permanent; and directed the husband to continue to pay $350 per month alimony.
Sometime prior to August 12, 1977, the husband filed a further petition for modification which resulted in the judgment presently being reviewed. Therein the trial court found that the husband was "in contempt of this Court due to his failure to pay alimony to the wife, Marion M. Mayer, pursuant to this court's prior orders, it appearing that he has been financially able to comply with said orders, however, the Court in its discretion chooses not to impose sanctions." After finding the husband in contempt for non-payment the court, among other things, modified the judgment of April 21, 1976, by reducing the alimony payments to $25.00 per month and terminated the husband's responsibility to maintain the mentioned life insurance policy for the wife's benefit.
We hold that the judicial actions of finding the husband in contempt for failure to make the required payments and simultaneously modifying the payment and insurance requirements of the prior judgment are incompatible. It follows that, if the husband was in contempt for non-payment, he was guilty of having unclean hands and equity will afford him no relief. Blanton v. Blanton, 154 Fla. 750, 18 So.2d 902 (Fla. 1944); Martin v. Martin, 256 So.2d 553 (Fla. 4th DCA 1972); Bock v. Bock, 336 So.2d 661 (Fla. 2nd DCA 1976); Feder v. Feder, 291 So.2d 641 (Fla. 3rd DCA 1974).
Accordingly, paragraphs 4 and 5 of the judgment appealed from, dated January 6, 1978, are reversed.
REVERSED IN PART; AFFIRMED IN PART.
LETTS and MOORE, JJ., concur.

*933 ON PETITION FOR REHEARING
PER CURIAM.
Appellant's petition for rehearing is granted. Our opinion filed June 20, 1979, is modified so as to provide that the handwritten portion of Paragraph 6 of the Final Judgment of January 7, 1978, which states "after paragraph five has been complied with" is stricken from said judgment.
DOWNEY, C.J., and LETTS and MOORE, JJ., concur.