CYNTHIA K. VOICHOSKIE, APPELLEE, V. DONALD R. VOICHOSKIE, APPELLANT.

340 N.W.2d 442

Filed November 28, 1983. No. 83-260.

Richard E. Mueting of Mueting, Delay & Stoffer, for appellant.

No appearance for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The respondent, Donald R. Voichoskie, appeals from an order dismissing his application to modify a decree of dissolution dated December 31, 1981.

The decree awarded the custody of the four minor children of the parties to the petitioner, Cynthia K. Voichoskie, and ordered the respondent to pay child support at the rate of $500 per month until the further order of the court or until the children reached the age of majority, became emancipated, married, or deceased.

On January 11, 1983, the respondent filed an appli-

cation to modify the decree. The application further alleged that the respondent was unemployed, having been fired in September 1982 from the employment which he had at the time of the decree; that he had obtained other employment in October 1982 but had been laid off in December; and that his only income was $106 per week unemployment compensation. The application further alleged that his monthly expenses amounted to $425; that his only assets consisted of a 1973 Plymouth automobile, a 1974 Honda motorcycle, and his clothes; that he owed back rent in the amount of $430; and that he had filed a petition in bankruptcy in June 1982. The application also alleged that the petitioner, who was not employed at the time of the decree, was now employed and earning $170 per week net take-home pay.

The application alleged that on December 31, 1982, delinquent child support payments amounted to $1,915.98 and that on May 3, 1982, the respondent was delinquent in the amount of $1,100 and the respondent's employer was ordered to withhold $275 each pay period to be applied to child support.

On February 9, 1983, the petitioner filed a motion to dismiss the application on the ground that the respondent had not complied with the decree.

On March 7, 1983, the trial court found that the delinquent child support payments amounted to $3,230.98 and that the failure to pay the delinquent payments before bringing the application to modify the decree was a failure to do equity. The application was dismissed, and it is from that order that the respondent has appealed.

The order dismissing the application was based upon the equitable principles that "He who seeks equity must do equity," and that a party seeking equitable relief must come into court with "clean hands." In *Shelby v. Platte Valley Public Power and Irrigation District*, 134 Neb. 354, 369, 278 N.W. 568, 575 (1938), we described the principle as follows: "This court in *Blondel v. Bolander*, 80 Neb.

531, 114 N.W. 574, approved the following rule of law laid down in 1 Pomeroy, Equity Jurisprudence (3d ed.) sec. 397: 'Whenever a party, who, as actor, seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him *in limine*; the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy.' ''

The conduct which forms a basis for a finding that a party has "unclean hands" must be willful in nature. "The maxim refers to willful misconduct rather than merely negligent misconduct. The improper conduct which falls within the maxim must involve intention as opposed to an inadvertent act or a misapprehension of legal rights." 30 C.J.S. *Equity* § 95 at 1021-22 (1965). "If the party seeking the relief has been *guilty of any conduct offensive to the conscience*, the remedy may, of course, be denied, under the familiar maxims of equity." (Emphasis supplied.) *Bauer v. Bauer*, 136 Neb. 329, 331, 285 N.W. 565, 567 (1939). "That status [unclean hands] is acquired by 'willful conduct which is fraudulent, illegal or unconscionable.' '' *Seal v. Seal*, 212 Kan. 55, 62, 510 P.2d 167, 173 (1973).

In cases in which a party owes past due alimony or child support, the courts have generally held that the failure to pay must be found to be a willful failure in spite of an ability to pay before a request for modification of a decree may be dismissed on the basis of "unclean hands." In *Filler v. Filler*, 219 N.W.2d 96, 98 (N.D. 1974), the court said: "The equitable doctrine that he who seeks equity must do equity and the Clean Hands doctrine are not absolute bars to action by the court at the behest of a party who is delinquent in a divorce case. . . . [T]he court, in its discretion, may set aside a judgment although a delinquency exists."

In *Thompson and Thompson*, 25 Or. App. 421, 549

P.2d 683, 684-85 (1976), the court stated: "We believe that the more desirable rule, as well as the majority rule, is that a court should not be precluded from entertaining an application to modify a decree where the applicant is in arrears. . . .

". . . A parent who is in arrears but is otherwise entitled to a modification of monthly support payments should not be denied relief under the 'clean hands' doctrine if the court is satisfied that he has a valid excuse for not meeting his required payments in full, e.g., financial inability to pay." In that case, the father's salary had been reduced and the court accordingly modified his monthly child support obligation.

In *Martin v. Martin*, 256 So. 2d 553, 554 (Fla. App. 1972), the court stated: "The mere fact that a husband is in arrears under an alimony order does not, ipso facto, deprive him of standing in a court of equity to seek a modification of such alimony order. Clearly, if the husband has the ability to pay such arrearage and does not do so, whether wilfully or neglectfully, he is not in court with clean hands and in such case his petition should not be considered on the merits until he has complied with the former order by payment of the sums due thereunder. . . . Contrarywise [sic], where the husband can show that the arrearage is due to an inability to pay for reasons not within his control or of his making, he should not be deprived of access to a court of equity to be heard on the merits of his petition. . . . Otherwise, an impecunious husband, once in arrears, would likely find himself ever increasingly so by the burden placed upon him while paradoxically increasingly less likely to ever have access to the court for appropriate relief."

Where the evidence discloses that a party is in fact able to pay past due support, such that he could be or has been found in contempt for the failure to pay, he will be barred by the clean hands doctrine from requesting a modification of the decree. *Mayer v.*

*Mayer*, 373 So. 2d 931 (Fla. App. 1979); *Pearson v. Fortner*, 386 So. 2d 205 (Miss. 1980); *Adams v. Adams*, 368 So. 2d 552 (Ala. Civ. App. 1979).

In the present case the application was erroneously dismissed upon the showing that a delinquency existed. Where, as in the present case, the application alleges an inability to make the payments ordered and alleges a change in circumstances since the time of the original order, the application should be heard on its merits. If the evidence shows that the petitioner is able to pay the arrearage or is unable to pay through some intentional conduct on his part, the doctrine of clean hands may be invoked to bar his claim for relief. *Martin v. Martin, supra.*

The court may not forgive or modify past due child support, but may modify the amount of child support becoming due in the future. See *Eliker v. Eliker*, 206 Neb. 764, 295 N.W.2d 268 (1980).

The judgment of the District Court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.