GUIDRY, Judge.
Elric P. Daigrepont filed for and obtained a judgment of absolute divorce against his wife on the ground of adultery. The judgment of divorce, which is dated August 26, 1983, awarded Mr. Daigrepont sole custody of their seven year old child, Heidi, subject to specified visitation rights granted in favor of Mrs. Daigrepont. The judgment orders Mr. Daigrepont to pay $125.00 per month to his wife to “defray expenses incurred by KATHERINE T. DAIGREPONT in the exercising of visitation rights with the minor child, HEIDI DAIGREPONT.” Elric Daigrepont appeals the judgment only insofar as it compels him to pay $125.00 per month to the defendant. There has been no appeal or answer to the appeal by Mrs. Daigrepont.
The sole issue on appeal is whether the trial judge abused his discretion in ordering plaintiff to pay the aforesaid sum monthly to Mrs. Daigrepont.
*638 We have some difficulty in characterizing the monthly payments which appellant has been ordered to make. The final judgment specifies that the payments are to be made to “defray expenses incurred by KATHERINE T. DAIGREPONT in the exercising of visitation rights with the minor child, ... ”. The trial court’s oral reasons for judgment reflect that the payments are to be made as “child support for the time the child is visiting with the mother.” However, whether the payments be considered as permanent alimony or child support, we conclude that the trial court clearly erred in ordering any payment to Mrs. Daigrepont.
Clearly Mrs. Daigrepont is not entitled to permanent alimony. Only a spouse free from fault and without means for support is entitled to post divorce alimony. La.C.C. Art. 160. Likewise, we determine that the trial court erred if the ordered payments be considered as child support.
In Ducote v. Ducote, 339 So.2d 835 (La. 1976), our Supreme Court held:
“Louisiana Civil Code Article 227 provides that parents have the obligation to support, maintain, and educate their children. This support shall be, granted in proportion to the needs of the child and the circumstances of the parent who is to pay. LSA-C.C. Art. 231. If the parents are divorced and the children are living with their mother, the children are entitled to the same standard of living as if they resided with their father whenever the financial circumstances of the father permit. Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953); Sarpy v. Sarpy, La.App., 323 So.2d 851 (1975), cert, denied, La., 328 So. 2d 166 (1976); Phillips v. Phillips, La.App., 319 So.2d 566 (1975).” (Emphasis added).
The phrase “parent who is to pay” has been consistently interpreted by the jurisprudence to mean the non-custodial parent. Child support is the property of the spouse who is granted custody. Blackburn v. Barrios, 427 So.2d 482 (La.App. 5th Cir.1983), writ denied, 433 So.2d 1051 (La.1983); In Re Jones, 337 So.2d 283 (La. App. 2d Cir.1976), writ denied, 340 So.2d 314 (La.1976). In Updegraff v. Updegraff, 421 So.2d 1165 (La.App. 2d Cir.1982), the court stated, “child support is to be fixed in proportion to the needs of the children and-the non-custodial parent’s ability to pay.” (Emphasis ours)
There are countless examples of our judiciary’s interpretation of the phrase “parent who is to pay.” In Pierce v. Pierce, 397 So.2d 62 (La.App. 2d Cir.1981), the court opined that “a parent may suspend the right to collect the support by turning a child over to the parent who owes the duty of support.” This clearly evidences the fact that it is the non-custodial parent who owes the duty of support to the custodial parent. While it is well settled that the law imposes upon parents the mutual obligation of their children’s support, maintenance and education, the customary duties performed and services rendered by the custodial parent on a daily basis contribute substantially to the mutual obligation of support. Graval v. Graval, 355 So.2d 1057 (La.App. 4th Cir.1978); Ducote, supra. The court in Ramos v. Ramos, 425 So.2d 989 (La.App. 5th Cir.1983), reaffirmed the position taken herein that it is only the custodial parent who is legally entitled to child support payments by stating, “once the child has reached the age of majority, however, the custodial parent no longer has the capacity to raise for the child the question of whether the child is in need of support from the other parent.” (Emphasis ours).
We conclude that following separation or divorce where sole custody has been granted to one parent, such parent assumes the obligation to see to the support, maintenance and education of the children aided by monetary support from the noncustodial parent fixed in proportion to the needs of the children and the circumstances of the non-custodial parent. Since the custodial parent has the obligation to see to the support, maintenance and education of the children the non-custodial parent is not entitled to any monetary assistance from *639 the custodial parent even during periods of visitation. Such expenses as are incurred by the non-custodial parent during periods of visitation for food, lodging, etc., are obligations which the non-custodial parent assumes under his or her duty of mutual support. La.C.C. Art. 227.
While it is well settled in our jurisprudence that great weight is given to the findings and judgment of the trial judge in alimony and support matters and will not be disturbed absent a finding of an abuse of the much discretion rule, nevertheless, it is the responsibility of the appellate court, in reviewing law and fact, to revise a judgment when circumstances warrant such a finding. Grishman v. Grishman, 322 So.2d 840 (La.App. 4th Cir. 1975); Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (La.1964); Micheli v. Toye Brothers Yellow Cab Company, 174 So.2d 168 (La.App. 4th Cir.1965). Considering our conclusions above, we find that the trial court clearly erred in ordering appellant to pay the sum of $125.00 monthly to Mrs. Daigrepont.
For the foregoing reasons, the judgment of the district court is reversed insofar as it orders appellant to pay to Mrs. Daigrepont the amount of $125.00 per month. In all other respects the judgment appealed from is affirmed. Costs of this appeal are assessed against Mrs. Katherine Daigrepont.
REVERSED IN PART and AFFIRMED IN PART.