CYNTHIA K. VOICHOSKIE, APPELLEE, V. DONALD R. VOICHOSKIE, APPELLANT.

365 N.W.2d 467

Filed April 5, 1985.   No. 84-567.

Richard E. Mueting of Mueting, DeLay & Stoffer, for appellant.

Paul M. Smith of Jewell, Gatz & Collins, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The respondent, Donald R. Voichoskie, appeals from the order of the district court denying his application for modification of a decree of dissolution dated December 31, 1981, insofar as it pertains to child support.

In *Voichoskie v. Voichoskie*, 215 Neb. 775, 340 N.W.2d 442 (1983), the district court dismissed the application upon a showing that the respondent was delinquent in his child support payments. We remanded the case for a hearing on the merits, stating at 779, 340 N.W.2d at 445, "If the evidence shows that the petitioner is able to pay the arrearage or is unable to pay through some intentional conduct on his part, the doctrine of clean hands may be invoked to bar his claim for relief."

After an evidentiary hearing on June 22, 1984, the trial court denied the respondent's application for modification. The respondent appeals from that order.

The parties have four children who are between the ages of 2 and 11. The decree of dissolution awarded custody of the children to the petitioner, Cynthia K. Voichoskie, and ordered the respondent to pay child support at the rate of $500 per month until further order of the court or until the children reached the age of majority, or became emancipated, married, or deceased.

At the time of the divorce respondent was employed and had an income of $370 per week. A history of respondent's unsteady employment prior to his application to modify the decree on January 11, 1983, is contained in this court's earlier opinion. At that time the respondent was delinquent in child support payments in the amount of $3,230.98.

The record from the June 22, 1984, hearing indicates that in the first 3 months of 1982 respondent made one payment of $200 and two payments of $250 each for child support. In April of 1982 respondent paid a total of $700. Thereafter, respondent's employer was ordered to withhold $275 per pay period, totaling $550 per month, to be applied to child support. The last such payment was made in September 1982, when the respondent was fired by that employer.

In October 1982 respondent was employed at a rate of $220 per week for 6 weeks. Respondent made no child support

payments during this time, nor did he make any other payments prior to filing for modification. The respondent has since made two voluntary payments of child support totaling $300. Seven of the remaining nine payments made were drawn by the State of Nebraska from his unemployment compensation.

The respondent worked for at least two different employers before securing his present job in February 1984 as a ranch hand on the Charles Swanson Ranch near Valentine, Nebraska, where he receives room and board and $500 per month. Throughout the years, it appears that the respondent has often been content to live on unemployment and has not made a substantial effort to obtain employment at a salary equal to the one he received at the time of his divorce.

In *Voichoskie v. Voichoskie, supra,* we discussed at some length the general holding that when a party owes past due child support, the failure to pay must be found to be a willful failure in spite of ability to pay before a request for modification of a decree may be dismissed on the basis of unclean hands.

The record sustains the finding of the trial court that the respondent is an able-bodied man capable of being employed and capable of paying child support. Most of the child support which he has paid in recent years has been that which has been forcibly extracted from him by withholding or garnishment proceedings. When the respondent was working full time, his earnings went to others and not to his children.

The judgment of the district court is affirmed.

AFFIRMED.