0655

Sandra Drawdy COURIE, Appellant v. Albert George COURIE, Jr.,
Respondent

(341 S. E. (2d) 646)

Court of Appeals

---

*Wayne F. Rush* and *Susan A. Hawkins*, of *Callison, Tighe, Rush, Robinson & Anastasion*, Columbia, *for appellant.*

*Robert C. Ashley*, of *Kneece, Kneece, Willoughby, Ashley & Gibbons*, Columbia, *for respondent.*

Heard Jan. 23, 1986.

Decided March 24, 1986.

BELL, Judge:

Sandra Drawdy Courie commenced this divorce action against her former husband Albert George Courie, Jr. The family court granted a divorce on the ground of a one year separation. Mrs. Courie appeals the portions of the decree which denied her alimony and attorney's fees, and provided Mr. Courie liberal visitation with their children. We affirm

the denial of alimony and attorney's fees, and reverse and remand the visitation provision.

The parties married in 1970. Two children born of the marriage were ten and seven years of age at the time of the divorce. Mr. Courie is Personnel Director at the South Carolina Wildlife and Marine Resources Department. His net monthly income was $2098 at the time of the hearing. Mrs. Courie previously worked as a legal secretary. Following the birth of her first child she remained at home, or was employed in part-time positions. At the time of the hearing, she worked as a church hostess one day each week and had begun a catering business. Her net monthly income was $587.95.

Mr. Courie left the marital home in March, 1982. Upon his return seven months later, Mrs. Courie left and initiated an action for separate maintenance. The parties reached an agreement which was merged into a pendente lite order. The final decree was entered in October, 1983.

## I.

We first consider Mrs. Courie's contention that the family court abused its discretion in denying her alimony Before this Court can hold the judgment below constitued an abuse of discretion, Mrs. Courie must show the conclusions reached were without factual support, resulted in prejudice to her rights, and in the circumstances amounted to an error of law. *Darden v. Witham*, 263 S. C. 183, 209 S. E. (2d) 42 (1974). Among the factors to be considered in an alimony award are: 1) the financial condition of the husband and needs of the wife, 2) the age and health of the parties, their respective earning capacity, their individual wealth, 3) the wife's contribution to the accumulation of their joint wealth, 4) the conduct of the parties, 5) the respective necessities of the parties, 6) the standard of living of the wife at the time of the divorce, 7) the duration of the marriage, 8) the ability of the husband to pay alimony, and 9) the actual incomes of the parties. *Lide v. Lide*, 277 S. C. 155, 283 S. E. (2d) 832 (1981).

In our opinion, the family court acted within its discretion in denying alimony. Its decision is supported by the record and by specific factual findings. The

decree found both parties to be in good health, of equal age, and to have relatively good earning capacity. It noted the separation was apparently demanded by Mrs. Courie. The decree recognized Mr. Courie had contributed significantly more to the accumulation of joint wealth. Although Mrs. Courie's financial declaration listed assets of only $2025, the decree noted the house and furnishings were items in which she also has an interest. Mrs. Courie was subsequently awarded forty percent of the equity in the home, most of its furnishings, and exclusive possession until the youngest child reaches eighteen years of age or both children are emancipated. She has, therefore, received substantial assets in the division of marital property.

Moreover, the disparity in income cited by Mrs. Courie to support her alimony claim appears to be largely of her own making. Mr. Courie paid $1150 unallocated monthly support under the pendente lite order "to give [Mrs. Courie] an opportunity to succeed in her catering business." The decree recognized Mr. Courie had been keeping his expenses to a minimum by living with an aunt in order to support his family during this period. The record indicates, however, that Mrs. Courie made no serious effort to expand her catering business or to obtain full-time employment during the separation period, relying instead on Mr. Courie's support. At the hearing she requested $1000 monthly alimony, and gave no indication of an intention to support herself. The court found that despite the present disparity in income, Mrs. Courie has secretarial skills and experience of a very impressive nature, on which she can rely to help contribute to her support. This finding is supported by the record.

Based on the *Lide* factors stated in the decree and the evidence in the record, we find no abuse of discretion in denying alimony to Mrs. Courie.

## II.

Mrs. Courie contends the family court erred in refusing to allow questions to Mr. Courie regarding his extramarital affairs, and then finding Mrs. Courie had no just cause to demand the separation. It is apparent from the record, however, that the court, in fact, allowed this line of questioning as relevant to the issue of Mr.

Courie's attempts and desire to reconcile with his wife. Despite the ruling, Mrs. Courie's counsel dropped this line of questioning. As a general rule, the right of appeal is accorded only to an aggrieved party. *Wilson v. Southern Ry., Carolina Division,* 123 S. C. 399, 115 S. E. 764 (1923). Mrs. Courie cannot allege error in this instance where her attorney voluntarily failed to pursue a permitted line of questioning. This contention is, therefore, without merit.

### III.

Mrs. Courie contends the family court abused its discretion in denying her attorney's fees. We disagree.

The denial of attorney's fees is a matter within the sound discretion of the family court. *Nelson v. Merritt,* 281 S. C. 126, 314 S. E. (2d) 840 (Ct. App. 1984). Mrs. Courie has not demonstrated an abuse of discretion. She presented no real evidence to establish her entitlement to attorney's fees, beyond the allegation she could not afford to pay. *See Alliegro v. Alliegro,* 287 S. C. 154, 337 S. E. (2d) 252 (Ct. App. 1984).

The decree recited factual findings indicating Mrs. Courie's potential earning capacity. Furthermore, she was awarded a substantial amount of assets in the decree. When the relative assets of the parties are considered, we cannot say the court abused its discretion in denying attorney's fees. *See Nelson v. Merritt, supra.*

### IV.

Finally, Mrs. Courie contends the family court abused its discretion in awarding excessive visitation to Mr. Courie. We agree.

The decree provided custody to Mrs. Courie, but gave Mr. Courie visitation of approximately 165 days per year, including: most of the children's summer vacation, excepting one week and alternate weekends spent with Mrs. Courie; every other weekend during the school year; one night each week during the school year; eight nights at Christmas; three nights at Thanksgiving; two nights for Father's Day; and on Mr. Courie's and the children's birthdays.

Although the family court styled this provision as visitation rather than divided custody, an award of 165 days per year is tantamount to divided custody.

Divided custody is avoided if at all possible, and will be approved only under exceptional circumstances. *Sharpe v. Sharpe*, 256 S. C. 517, 183 S. E. (2d) 325 (1971); *Mixson v. Mixson*, 253 S. C. 436, 171 S. E. (2d) 581 (1969).

The Supreme Court of South Carolina has noted that it is not conducive to the best interests of the child to be shuttled back and forth in alternate brief periods between contending parties, particularly during the school year, as such an arrangement causes confusion and interferes with the proper training and discipline of the child. *Avin v. Avin*, 272 S. C. 514, 252 S. E. (2d) 888 (1979). Accordingly, the Court has struck down an allowance of forty weekends visitation per year as an abuse of discretion. *Id.* Based on the existing law, we find that 165 days of visitation to Mr. Courie was excessive, and constituted an abuse of discretion as a matter of law.

The court further ordered Mr. Courie's child support obligation reduced by fifty percent during the summer months when the children were living with him. Since we are reversing and remanding the visitation portion of the decree, this provision is also remanded for reconsideration in light of the visitation to be determined on remand.

In conclusion, we affirm the denial of alimony and attorney's fees to Mrs. Courie, affirm the family court's ruling on Mr. Courie's cross-examination as to extramarital affairs, and reverse and remand the visitation provision and the corresponding reduction of child support.

Affirmed in part, reversed in part, and remanded.

SANDERS and GARDNER, JJ., concur.