TERRI A. MARR, APPELLEE, V. RICHARD D. MARR, JR.,
APPELLANT.
515 N.W.2d 118

Filed April 22, 1994.   No. S-91-804.

Todd E. Frazier, of Raynor, Rensch & Pfeiffer, for appellant.

No appearance for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

GRANT, J., Retired.

The parties in this case were married on October 28, 1983. On August 26, 1984, the only child of the marriage was born. On March 28, 1988, a decree of dissolution of the marriage was signed after a hearing of the case on February 1, 1988. The hearing resulted in an agreement as to all issues between the parties. Petitioner Terri A. Marr received $3,000 as a property settlement and her personal property. Respondent Richard D. Marr, Jr., received any interest he had in a partnership called D. Marr Paving Company, the parties' mobile home, and his

personal property. Neither party received alimony.

The wife was granted custody of the minor child of the parties and was authorized to move to the State of Texas. The husband was granted reasonable visitation, and both parties were ordered to share the expenses of transportation of the child to the husband's residence. The husband was ordered to pay $400 child support for February and $425 per month thereafter, beginning March 1, 1988.

On December 6, 1989, the husband signed a petition to modify the decree, alleging, in part, that "the Respondent has suffered a material decrease in income over the past two years sufficient to warrant a reduction of the child support ordered in the Decree entered . . . on the 28th day of March, 1988." The petition to modify was filed July 9, 1990, and on June 4, 1991, a notice of hearing, to be held on June 26, 1991, was filed. A hearing was held on that date. The husband's petition to modify was denied, and he timely appealed. The appeal was submitted to this court.

On appeal, the husband assigns two errors: The actions of the trial court (1) "in not finding that a material change of circumstances had occurred between the parties and in not reducing Appellant's child support obligation" and (2) in "denying a reduction in Appellant's child support obligation based upon the Doctrine of Unclean Hands." We affirm.

The law as to the scope of review of an application to modify child support payments is clear. Modification of the amount of child support payments is entrusted to the discretion of the trial court, and although, on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion. *Sabatka v. Sabatka, ante* p. 109, 511 N.W.2d 107 (1994); *Brewer v. Brewer*, 244 Neb. 731, 509 N.W.2d 10 (1993). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right in matters submitted for disposition in a judicial system. *Sabatka, supra*; *Brewer, supra*; *Wulff v. Wulff*, 243 Neb. 616, 500 N.W.2d 845 (1993).

The evidence consists of appellant's testimony, income tax

returns for the years 1984 to 1990, and court records showing child support payments from the time of the temporary support to the modification hearing. The wife did not appear at the hearing, nor did counsel appear for her.

The court records of payments show that, pursuant to the decree, from February 1, 1988, to the end of that year, appellant paid $3,125, out of a total amount due of $4,650. Thus, in 1988, appellant paid $1,525 less than ordered. His income that year was $35,076.

During 1989, appellant made one child support payment of $200, or $4,900 less than ordered. His income that year was $19,771.

During 1990, appellant made two payments totaling $315, or $4,785 less than ordered. His income that year was $9,549.

Appellant testified that in 1991, up to the modification hearing on June 26, 1991, he had made no payments. Court records indicated appellant made one payment of $175. In January 1991, appellant had taken a new job as an operations manager of a tool and die company and was earning $8 per hour, or $508 each 2 weeks. He also had the use of a car.

These totals indicate that a total amount of child support due from February 1, 1988, to June 26, 1991, was $17,400. During that time, appellant paid $3,815, of which $3,125 was paid in the first year. Appellant's delinquency during this period was $13,585. The court record shows that appellant is delinquent in a total amount of $14,185, so apparently appellant was also delinquent in his temporary child support payments.

Appellant testified that he was a self-employed paving contractor. He testified that his 1984, 1985, and 1986 incomes, as shown by income tax returns, were used to arrive at his child support payments. He is in error when he states in his brief that the amount was "imposed" upon him. Brief for appellant at 5. As recited in the dissolution decree, the parties reached an agreement as to the issues in the case.

As to his paving business, appellant testified that the business started to decline in 1988, declined in 1989, "and in '90 finished out the year and . . . ceased to exist." Later, in answer to the trial judge's questions, appellant testified that he had been in the paving business with his father in a partnership and that

his father was still in the business under a different business name. Appellant testified that the business was "as bad or worse than it ever was" and that appellant had not received any share of the assets on account of the business creditors. Nothing further on the paving business is in the record.

Appellant relies on *Voichoskie v. Voichoskie*, 215 Neb. 775, 340 N.W.2d 442 (1983) (*Voichoskie I*), to support his contention that the trial court erred in determining that he did not have "clean hands" and, therefore, was not entitled to equitable relief. In *Voichoskie I*, the trial judge ordered that the husband's January 1983 application to modify child support established in a December 31, 1981, decree be dismissed because the husband's failure to pay delinquent amounts before bringing the application to modify the decree was a failure to do equity.

The equitable principles involved were that "[h]e who seeks equity must do equity" and that a party seeking equitable relief must come into court with "clean hands." *Id.* at 776, 340 N.W.2d at 443-44. In *Voichoskie I*, we went on to say:

> In *Shelby v. Platte Valley Public Power and Irrigation District*, 134 Neb. 354, 369, 278 N.W. 568, 575 (1938), we described the principle as follows: "This court in *Blondel v. Bolander*, 80 Neb. 531, 114 N.W. 574, approved the following rule of law laid down in 1 Pomeroy, Equity Jurisprudence (3d ed.) sec. 397: 'Whenever a party, who, as actor, seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him *in limine*; the court will refuse to interfere on his behalf, to acknowledge his right, or to award him any remedy.' "

215 Neb. at 776-77, 340 N.W.2d at 444.

We held in *Voichoskie I* that conduct to form a basis for finding that a party has "unclean hands" must be willful and intentional and that in cases in which a party owes past-due child support, the failure to pay must be found to be a willful failure to pay, in spite of the ability to pay, before an application to modify a decree may be dismissed on the basis of "unclean hands." Since in *Voichoskie I* the application to modify had

been dismissed without a hearing, on the sole basis of a delinquency, we reversed the cause and remanded for further proceedings, stating, "If the evidence shows that the petitioner is able to pay the arrearage or is unable to pay through some intentional conduct on his part, the doctrine of clean hands may be invoked to bar his claim for relief." 215 Neb. at 779, 340 N.W.2d at 445. We adhere to the principles set out in *Voichoskie I*.

After remand, the petition for modification was dismissed after a hearing. The husband again appealed. In *Voichoskie v. Voichoskie*, 219 Neb. 670, 365 N.W.2d 467 (1985) (*Voichoskie II*), we affirmed the dismissal.

The evidence at the hearing after remand, held in June 1984, showed that the husband had been ordered to pay $500 per month child support. In the first 3 months of 1982, the husband had made one child support payment of $200 and two payments of $250 each. In April, he paid $700. Thereafter, the husband's employer was ordered to withhold $550 per month. In September 1982, that employer fired the husband. In October 1982, the husband was employed for 6 weeks at $220 per week. He made no support payments. After that, the husband made two voluntary payments totaling $300. Seven later payments were drawn by the State of Nebraska from the husband's unemployment compensation. In *Voichoskie II*, we referred to our holding in *Voichoskie I* that when a party owes past-due child support, the failure to pay must be found to be a willful failure to pay, in spite of an ability to pay, before an application to modify may be dismissed on the basis of unclean hands. In *Voichoskie II*, we determined that the husband's failure to pay was willful, and we affirmed the dismissal of the application to modify.

The case before us presents an even stronger basis to support the dismissal of appellant's application to modify. The fact that appellant is $14,185 in arrears in his child support payments, in a period between February 1, 1988, and June 26, 1991, is not the primary basis for finding that appellant does not have "clean hands" and was not entitled to relief. The controlling facts are that in 1989, appellant made one payment of $200 to help support his child, when his income was almost $20,000;

that in 1990, he made two payments totaling $315, when his income was $9,549; and in the first 6 months of 1991, when his salary was over $1,000 net per month, he paid $175. Appellant's brief requests that his child support payment be reduced to $222 per month. This means that appellant is capable, by his own admission, of paying such sums, but had made no effort to pay even those amounts. Appellant was employed throughout this time, and his failure to pay child support, in any reasonable amount, was willful.

Had appellant presented a record where he consistently attempted to discharge his duty to support his child, in an amount reflecting a bona fide effort to perform his parental (and court-ordered) duty of support, a different case might be presented.

It is impossible to say, on this record, in our de novo review, that the trial judge abused his discretion in dismissing appellant's application to modify, on the basis of the "unclean hands" doctrine.

In view of this disposition, it is unnecessary to discuss appellant's other assignment of error. The order of the district court is affirmed.

AFFIRMED.