MARY JO FAABORG, APPELLANT, V. LOREN L. FAABORG, APPELLEE.

576 N.W. 2d 826

Filed April 23, 1998.    No. S-96-1124.

Rhonda R. Flower, of The Law Office of Rhonda R. Flower, for appellant.

Andrew W. Snyder, of The Van Steenberg Firm, for appellee.

WHITE, C.J., CAPORALE, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

WHITE, C.J.

At issue is the method by which child support payments are calculated when the combined net monthly income exceeds the amount of $10,000 provided for in the Nebraska Child Support Guidelines.

On December 11, 1985, the Scotts Bluff County District Court granted Mary Jo Faaborg (appellant) and Loren L. Faaborg (appellee) a decree of dissolution, dissolving the couple's marriage. Appellant was granted custody of the two minor children, Jeffrey Faaborg, then 9 years old, and Daniel Faaborg, then 5 years old. Appellant was awarded child support in the amount of $500 per month per child, for a total of $1,000 per month. The court further ordered that said amount should be reduced to $750 per month upon the emancipation of the eldest child.

On September 22, 1995, appellant petitioned the district court to modify the original decree, specifically seeking an increase in child support payments for Daniel. On October 19, appellee filed an objection to the motion to modify and alleged the current support would not vary from the Nebraska Child Support Guidelines by more than 10 percent. The case proceeded to trial on June 12, 1996.

At trial, both parties produced evidence demonstrating their net incomes for 1993, 1994, and 1995. Appellant, a registered nurse, produced evidence indicating she earned $20,109, $25,202, and $35,025, respectively. Appellee, a physician, presented evidence which indicated he earned $266,662, $260,621, and $366,006, respectively. Appellee testified that his 1995 income included $50,779 of noncash reportable gain from his medical practice partnership, and gains in the amounts of $42,019 and $14,344 from the sale of his interest in a cattle partnership.

On October 10, 1996, the district court filed an order finding that a material change in circumstances warranted a change in the prior child support order. The court further found that several transactions, such as the sale of appellee's cattle partnership, caused appellee's 1995 tax return to inaccurately reflect his disposable income. Thus, the court ruled that appellee's 1995 income would not be used in calculating the payment.

The district court found that appellant's net monthly income was $1,796.27 and appellee's net monthly income was $13,966.64, for a combined net monthly income of $15,762.91. Accordingly, the percentage share of each party was determined as follows: 11.4 percent for appellant (1,796.27 ÷ 15,762.91 =

.1139) and 88.6 percent for appellee (13,966.64 ÷ 15,762.91 = .886). In this respect, table 1 of the guidelines lists support amounts based on the parents' combined net monthly incomes; yet, the guidelines do not list support amounts for combined monthly incomes exceeding $10,000. Nonetheless, the guidelines provide that "if total net income exceeds $10,000 monthly, child support for amounts in excess of $10,000 monthly may be more but shall not be less than the amount which would be computed using the $10,000 monthly income unless other permissible deviations exist." Paragraph C(3).

The district court determined the appropriate child support for Daniel was $1,481 per month. From the $1,481 amount, the court computed each party's share of child support according to his or her percentage of contribution. Appellee's share was calculated to be $1,312.23 per month ($1,481 × .8860). The $312.23 per month increase in appellee's child support obligation was ordered retroactive to July 1, 1996.

Appellant contends the district court erred in (1) determining that appellee's 1995 income should not be used in averaging his income for purposes of determining child support, (2) calculating child support when the combined net monthly income of the parties exceeded the child support guidelines, and (3) determining the increase in child support should be applied retroactively to July 1, 1996, rather than September 22, 1995, the date appellant filed the motion to modify.

Modification of the amount of child support payments is entrusted to the discretion of the trial court, and although, on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion. *Marr v. Marr*, 245 Neb. 655, 515 N.W.2d 118 (1994). In determining child support payments, the Nebraska Child Support Guidelines are applied as a rebuttable presumption, and all orders for child support shall be established in accordance with the provisions of the guidelines unless the court finds that one or both parties have produced sufficient evidence to rebut the presumption that the guidelines should be applied. Paragraph C. See, Neb. Rev. Stat. § 42-364.16 (Cum. Supp. 1996); *State on behalf of Hopkins v. Batt*, 253 Neb. 852, 573 N.W.2d 425 (1998). A court may deviate from the Nebraska Child Support

Guidelines whenever the application of the guidelines in an individual case would be unjust or inappropriate. *Knippelmier v. Knippelmier*, 238 Neb. 428, 470 N.W.2d 798 (1991). In addition, modification of child support cannot operate retroactively beyond the date of the filing of the application for such. See *Wulff v. Wulff*, 243 Neb. 616, 500 N.W.2d 845 (1993).

Appellant initially argues the district court erred in determining that appellee's 1995 income should not be used in averaging his income for purposes of child support calculations. At trial, appellee testified that his 1995 income tax return reflected approximately $40,000 in reportable gain income on the sale of his interest in a cattle business and approximately $50,000 in reportable gain income from his medical partnership. Appellee claimed the cattle deal should not be included in determining his annual income because the deal was a "one time shot" and not recurrent income. The district court agreed with appellee's assertions, excluded his 1995 income, and used only his 1993 and 1994 incomes in calculating his average monthly income.

On appeal, appellant asserts that while appellee seeks to have the 1995 reported gain excluded from the child support determination, he also seeks to benefit from a $17,442 loss incurred from the same deal reported in his 1993 return. Appellant contends that "[i]t is abundantly clear that Appellee expects to have his cake and eat it too." Brief for appellant at 10-11. We agree.

In Nebraska, dissolution of marriage cases are equitable in nature. *Ohler v. Ohler*, 220 Neb. 272, 369 N.W.2d 615 (1985). This rule applies not only in original dissolution proceedings, but also in proceedings for modification of the decree of dissolution. *Maddux v. Maddux*, 239 Neb. 239, 475 N.W.2d 524 (1991). If appellee wants to benefit from a capital loss, he must also incur the concomitant detriment from the capital gain. As such, the district court should have included appellee's 1995 income in the child support calculation. The district court should have found appellee's net monthly income to be $16,810.11, forming a combined net monthly income of $18,606.38 ($1,796.27 for appellant and $16,810.11 for appellee). Accordingly, the percentage shares of each party are 9.65 percent for appellant ($1,796.27 \div 18,606.38 = 0.0965$) and 90.35 percent for appellee ($16,810.11 \div 18,606.38 = .90345$).

The district court erred in failing to consider appellee's 1995 income in determining his average monthly income.

Appellant next argues the district court erred in the method the court used in calculating child support given the fact appellant and appellee's combined net monthly income exceeded the amounts provided for by the guidelines. Table 1 of the guidelines provides for the amount of child support to be paid in relation to the parents' combined net monthly income. However, table 1 does not provide for support amounts when the combined net monthly income exceeds $10,000, as in the instant case.

In addressing this issue, the district court ordered the total monthly amount of support for Daniel to be $1,481; yet, the district court did not indicate how the court arrived at the total amount, but merely noted "the income curve addressed by the child support guideline clearly flattens as it approaches $10,000.00 in combined gross income."

As we noted earlier, the guidelines provide that deviations are permissible "if total net income exceeds $10,000 monthly, child support for amounts in excess of $10,000 monthly may be more but shall not be less than the amount which would be computed using the $10,000 monthly income unless other permissible deviations exist." Paragraph C(3). From our reading of the district court's modification order, it seems that the court merely extended the percentage decrease that is apparent from the guidelines. See table 1.

In determining the amount of a child support award, this court has consistently held that the trial court must consider the status, character, and situation of the parties and attendant circumstances, including the financial condition of the parties and the estimated cost of support of the children. *Knippelmier v. Knippelmier*, 238 Neb. 428, 470 N.W.2d 798 (1991). However, the results obtained in dissolution of marriage cases are intended to be equitable. *Ohler, supra.* In addition, modification of the amount of child support payments is entrusted to the discretion of the trial court, and although, on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion. *Marr v. Marr*, 245 Neb. 655, 515 N.W.2d 118 (1994); *Sabatka v. Sabatka*, 245

Neb. 109, 511 N.W.2d 107 (1994). Extending these general principles, we find that total monthly child support calculations which exceed the combined net monthly income provided for in the guidelines should be left to the discretion of the trial court and affirmed absent an abuse of discretion. Finding no abuse of discretion in the district court's calculation of the total monthly child support for Daniel, $1,481, we affirm. However, given the increase in appellee's percentage of increase (88.6 percent to 90.35 percent), appellee's child support payments should be increased from $1,312.23 per month to $1,338.08 per month.

Appellant's final assignment of error is that the district court erred in determining that the increase in child support should be retroactively applied to July 1, 1996. Instead, appellant argues that the order should be applied retroactively to the date she filed her motion for modification, September 22, 1995. We agree. See *Maddux v. Maddux*, 239 Neb. 239, 475 N.W.2d 524 (1991).

For the foregoing reasons, the order of the district court is affirmed as modified.

AFFIRMED AS MODIFIED.

WRIGHT, J., not participating.