JOHN C. BONDI, APPELLANT, V. GEORGETTE BONDI, APPELLEE.

586 N.W. 2d 145

Filed September 25, 1998. No. S-97-090.

Michael W. Heavey, P.C., for appellant.

Kelle J. Westland, of Raynor, Rensch & Pfeiffer, on brief for appellee.

CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ., and HANNON, Judge.

McCORMACK, J.

## NATURE OF CASE

This is an appeal from the decision of the district court for Sarpy County, Nebraska, on a petition to modify a decree of dissolution as to custody and child support. We affirm as modified.

## BACKGROUND

Appellant, John C. Bondi, was originally awarded the care, custody, and control of the minor child of the parties, Giovanni G. Bondi, born January 23, 1987, subject to the rights of reasonable visitation by appellee, Georgette Bondi. At the time of the original decree, appellee was ordered to pay child support of $50 per month due to the fact that reliable information was not

available as to appellee's income. Appellant filed a motion to modify decree to increase appellee's child support, alleging appellee now had a net income of $950 per month, and requested child support of $219 per month, plus 30 percent of the daycare expenses and nonreimbursed medical and dental expenses of the minor child. Appellee filed an answer, which was in the form of a general denial, and also a cross-petition, requesting that the care, custody, and control of the minor child be transferred to appellee and asking that appellant be ordered to pay child support to appellee. The trial court determined that the care, custody, and control of the minor child of the parties should remain with appellant, subject to reasonable visitation with appellee, which included summer visitation commencing 1 week after the beginning of the summer break and terminating 1 week before the conclusion of the summer break for the school which the minor child of the parties is attending, visitation every other Christmas vacation, and telephone visitation. Appellee was ordered to pay child support to appellant in the sum of $266 per month. The trial court further ordered that appellant, in the months of June, July, and August, should pay appellee child support of $488 per month.

## ASSIGNMENTS OF ERROR

Appellant assigns as error that the trial court abused its discretion when it (1) imposed a child support obligation upon the custodial parent in favor of the noncustodial parent during the 3 months the child is visiting the noncustodial parent and (2) imposed a child support obligation upon the custodial parent, because such an imposition is a material and unjustified deviation from the Nebraska Child Support Guidelines. See Neb. Rev. Stat. § 42-364.16 (Reissue 1993).

## STANDARD OF REVIEW

The modification of child support is an issue entrusted to the discretion of the trial court, and although reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion. *Faaborg v. Faaborg*, 254 Neb. 501, 576 N.W.2d 826 (1998); *Sabatka v. Sabatka*, 245 Neb. 109, 511 N.W.2d 107 (1994); *State ex rel. Reitz v. Ringer*, 244 Neb. 976, 510 N.W.2d 294 (1994).

A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through the judicial system. *Hoshor v. Hoshor*, 254 Neb. 743, 580 N.W.2d 516 (1998); *Smith v. Papio-Missouri River NRD*, 254 Neb. 405, 576 N.W.2d 797 (1998); *Tyler v. Tyler*, 253 Neb. 209, 570 N.W.2d 317 (1997).

## ANALYSIS

Generally, child support payments should be set according to the guidelines. § 42-364.16; *Dike v. Dike*, 245 Neb. 231, 512 N.W.2d 363 (1994). Paragraph J of the guidelines provides in part that "[d]uring visitation periods of 4 or more weeks, support payments may ordinarily be reduced by 50 percent. An adjustment in child support may be made at the discretion of the court when visitation substantially exceeds alternating weekends and holidays and 4 weeks in the summer." There is no provision in the guidelines requiring the custodial parent to pay to the noncustodial parent child support during periods of visitation with the noncustodial parent.

In this instance, the trial court deviated from the guidelines. If paragraph J of the guidelines were followed, the obligation for child support of appellee could have been reduced during the period of summer visitation by 50 percent, to $133 per month, and appellant would not be required to pay any child support during this period. The question of payment of child support by the custodial parent to the noncustodial parent during periods of visitation presents a case of first impression, and we therefore look to other jurisdictions for guidance.

In *Avin v. Avin*, 272 S.C. 514, 252 S.E.2d 888 (1979), the court reversed the provision of the trial court's order directing the custodial father to pay child support to the noncustodial mother during periods of visitation. The court found that awarding the noncustodial parent child support was not in accord with sound or prevailing policy. The court's reasoning was as follows:

We do not believe an award of child support under these circumstances to be in accord with sound or prevailing

policy, and we decline to approve it. The fixed obligation of the custodial parent to provide the necessities of life for his children is a continuing one and does not cease during the temporary absences of the children while on visitation. To require that he pay child support to the noncustodial parent during such temporary periods, in addition to maintaining at all times a permanent home for the children, is against the weight of reason.

272 S.C. at 516, 252 S.E.2d at 889.

The Court of Appeal of Louisiana has held that a custodial parent could not be obligated to pay a noncustodial parent a monthly sum to help cover expenses incurred while the child was visiting the noncustodial parent. *Daigrepont v. Daigrepont*, 458 So. 2d 637 (La. App. 1984). In *Daigrepont*, the trial court awarded the husband sole custody of the parties' child, subject to specified visitation rights of the wife. The trial court also ordered the husband to pay $125 per month to help cover the expenses incurred by the wife when the child was visiting her. The *Daigrepont* court held that the trial court clearly erred in ordering any child support payment to the noncustodial wife. The court reasoned as follows:

> We conclude that following separation or divorce where sole custody has been granted to one parent, such parent assumes the obligation to see to the support, maintenance and education of the children aided by monetary support from the non-custodial parent fixed in proportion to the needs of the children and the circumstances of the non-custodial parent. Since the custodial parent has the obligation to see to the support, maintenance and education of the children the non-custodial parent is not entitled to any monetary assistance from the custodial parent even during periods of visitation. Such expenses as are incurred by the non-custodial parent during periods of visitation for food, lodging, etc., are obligations which the non-custodial parent assumes under his or her duty of mutual support.

458 So. 2d at 638-39.

We agree that a custodial parent should not be ordered to pay child support to the noncustodial parent during periods of visitation with the noncustodial parent. A custodial parent has

expenses related to the child or children that continue even when the child is visiting the noncustodial parent. This being so, a custodial parent should not be ordered to help offset the temporary expenses the noncustodial parent may incur while the child or children are visiting.

Therefore, we hold that the trial court abused its discretion in this case by ordering the custodial parent to pay child support to the noncustodial parent during the periods of summer visitation.

## CONCLUSION

We affirm the trial court's decision that the care, custody, and control of the minor child remain with appellant; the visitation schedule in said order; and all provisions other than those contained in paragraphs 4 and 5 of said order. We modify the provisions of paragraphs 4 and 5 of said order to provide that during periods of summer visitation of the minor child with appellee, appellee shall pay child support to appellant of 50 percent of the regular child support, or $133 per month; that summer visitation be defined as commencing 1 week after the beginning of the summer break and terminating 1 week before the conclusion of the summer break for the school which the minor child of the parties is attending; and that during said period of summer visitation appellant shall not be required to pay child support to appellee or otherwise.

AFFIRMED AS MODIFIED.

WHITE, C.J., and WRIGHT, J., not participating.