DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHELLE LONGARZO** f/k/a
**MICHELLE CASTILLO,**
Appellant,

v.

**JESUS CASTILLO,**
Appellee.

No. 4D15-951

[March 9, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John L. Phillips, Judge; L.T. Case No. 502002DR004635XXXXDIFH.

Robert J. Hauser of Pankauski Law Firm PLLC, West Palm Beach, for appellant.

Brian P. North of Kenny Leigh & Associates, Fort Walton Beach, for appellee.

LEVINE, J.

The former wife appeals an order dismissing her petition to modify custody, timesharing, and child support. The dismissal was based on the wife's "unclean hands" in failing to purge a contempt order entered years earlier. We find that the trial court erred in dismissing the petition without holding an evidentiary hearing on the wife's present ability to purge the contempt. As such, we reverse.

The parties divorced in 2002. In December 2010, the trial court found the wife in contempt for failing to pay one-half of the children's health insurance premiums and uncovered medical expenses, as required by the final judgment of dissolution.

In June 2014, the wife filed a supplemental petition for modification of custody, timesharing, and child support. The wife alleged that the husband did not exercise all of his overnights with the children and sought an adjustment of the parenting plan to reflect the actual timesharing

exercised by the husband. In addition, the wife sought child support. The husband moved to dismiss the wife's petition based on the doctrine of unclean hands. He argued the wife failed to pay $125 each month in arrearages for health insurance and uncovered medical expenses, as ordered by the court in December 2010.

During a hearing in January 2015, the wife admitted that she had not paid the contempt purge, but maintained that her unclean hands were immaterial because the children were entitled to support. The trial court granted the husband's motion and dismissed the petition. From this order, the wife appeals.

Generally, an abuse of discretion standard of review applies to a lower court's determination to apply the unclean hands doctrine. *Wait v. Wait*, 886 So. 2d 318, 318 (Fla. 4th DCA 2004). However, whether a trial court correctly applied the correct legal rule is reviewed de novo. *Mills Corp. v. Amato*, 72 So. 3d 814, 815 (Fla. 4th DCA 2011).

"[T]he 'clean hands' doctrine can act to bar modification to a spouse who is delinquent with support payments." *DePoorter v. DePoorter*, 509 So. 2d 1141, 1145 (Fla. 1st DCA 1987). However, "an arrearage does not per se require denial of a modification petition so long as respondent can show that he or she was unable to comply with the previous support order." *Blender v. Blender*, 760 So. 2d 950, 952 (Fla. 4th DCA 1999). Thus, where a spouse has the ability to pay an arrearage and does not do so, "he is not in court with clean hands and in such case his petition should not be considered on the merits until he has complied with the former order by payment of the sums due thereunder." *Martin v. Martin*, 256 So. 2d 553, 554 (Fla. 4th DCA 1972). *See also Selige v. Selige*, 190 So. 251 (Fla. 1939) (dismissing petition for modification where husband failed to comply with a prior court order requiring payment of alimony and attorney's fees and it was shown that the husband had the ability to pay); *Jenkins v. Jenkins*, 159 So. 3d 310, 311 (Fla. 2d DCA 2015) ("[I]f the party in default fails to demonstrate his or her inability to comply with the prior support order, the petition for modification should not be considered.").

In the instant case, the trial court summarily dismissed the wife's petition for modification without considering the wife's present ability to comply with the previous contempt order. Although the wife had the ability to pay the arrearages when the contempt order was entered in December 2010, that does not mean that she had the present ability to pay the arrearages years later when she filed her petition for modification in June 2014 or at the time of the hearing on the motion to dismiss in January 2015.

Accordingly, we reverse and remand for the trial court to hold an evidentiary hearing on the wife's present ability to pay arrearages for health insurance and uncovered medical expenses. Only after an evidentiary hearing on the wife's present ability to pay can the trial court determine, consistent with this opinion, the applicability of the unclean hands doctrine to the wife's petition to modify custody, timesharing, and child support.

*Reversed and remanded for further proceedings consistent with this opinion.*

GROSS and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3